CHARLOTTE WOOD *vs.* LEVI GOODRIDGE & another.

It seems, that the signing by an attorney of the name of his principal to an instrument, which contains nothing to indicate that it is executed by attorney, and without adding his own signature as such, is not a valid execution.

A power of attorney authorized the attorney, in the name and for the benefit and use of the principal, to buy and sell real and personal property, and to execute and deliver deeds to transfer the same; to move and institute all necessary suits for the recovery and collection of his demands, and to assert and vindicate his rights, and to appear and defend in all suits against him; especially to carry on his saw-mill and buy and sell logs, timber, and lumber, and do all necessary things in and about the same; and, in general, to make such contracts, for the profitable improvement and use of such property and other means as he possessed, for the enlargement of his estate: It was held, that the power of attorney did not authorize the attorney to mortgage the real estate of his principal, unless such power was necessary to the execution of the authority given.

THIS was an action of trespass to land.

Benjamin Goodridge, senior, of Lunenburg, on the 12th of April, 1832, executed and delivered to Levi Goodridge, one of the defendants, under his hand and seal, and in the presence of subscribing witnesses, a power of attorney, of which the following is a copy : —

"Know all men by these presents, that I, Benjamin Goodridge, of Lunenburg, in the county of Worcester and commonwealth of Massachusetts, gentleman, for a good consideration me hereunto moving, have constituted and appointed, and do hereby constitute and appoint my son, Levi Goodridge, of the same Lunenburg, gentleman, my true and lawful attorney, for me and in my name but for my benefit and use, to buy and sell real and personal property, and good and sufficient deeds to make, execute, and deliver, in my name, in transferring and conveying the same, also for me and in my name to move and institute all necessary suits in law for

the recovery and collection of my demands, and to assert and vindicate my rights, and to appear and defend in all suits to be instituted against me in any courts of law or equity ; especially do I empower my said attorney to carry on my saw-mill, and buy and sell logs, timber, and lumber, and do all necessary things in and about the same and in general to make such contracts for the profitable improvement and use of such property and other means as I possess for the enlargement of my estate; hereby ratifying and confirming whatsoever my said attorney shall lawfully do in the premises as fully and effectually as I could were I personally present at the doing of the same. In witness whereof I have hereunto set my hand and seal this twelfth day of April, in the year of our Lord one thousand eight hundred and thirty-two."

On the 28th of April, 1834, Levi Goodridge, professing to act therein under his power of attorney, made a promissory note to Sewall Goodridge, and executed a mortgage to secure the same, both in the name of Benjamin Goodridge, senior. The note was in the common form, for $338.52, payable to Sewall Goodridge or order, and signed, in the presence of a subscribing witness, " Benjamin Goodridge, by his attorney, Benjamin Goodridge." The body of the note was written by an attorney, employed by Levi Goodridge to prepare the papers, and by whom the words " Benjamin Goodridge, by his attorney," were also written, to be followed by the signature of Levi Goodridge; but the latter, instead of writing his own name, wrote that of Benjamin Goodridge.

The mortgage deed was also written by the same attorney, at the request of Levi Goodridge, who produced the power of attorney above mentioned, and stated that he was authorized to execute the deed for Benjamin Goodridge, senior, and he accordingly signed the name of " Benjamin Goodridge " to the deed, without adding his own signature as attorney, or any words to indicate that the signature was not made by Benjamin Goodridge himself; nor did the body of the deed contain any statement indicating that it was made by Benjamin Goodridge by his attorney, or in any other manner than by him personally. The deed was acknowledged by Levi Goodridge, before a justice of the peace, as the attorney of Benjamin Goodridge, to be the deed of the latter.

'The power of attorney and the mortgage were duly recorded in the registry of deeds, at the same time, and the mortgage subsequently foreclosed.

The place of the supposed trespass was embraced in the

mortgage, and the plaintiff claimed title under the same by mesne conveyances from Sewall Goodridge. The defendants derived their title by conveyances from Benjamin Goodridge, senior; upon which sundry questions were raised and argued, which became immaterial by the view taken by the court of the case for the plaintiff.

The case was submitted to the court of common pleas, and by appeal to this court, upon an agreed statement, from which the foregoing facts appeared.

*E. Washburn* and *C. Mason,* for the plaintiff.

1. The power manifests an intention, on the part of the constituent, to intrust his attorney with authority ample enough to include the giving of the note and mortgage. The general power to make contracts for the profitable improvement and use, and for the enlargement of the constituent's property, implies this. So does the power to sell and make deeds of real estate. Story, Ag. §§ 58 – 61; *Chapman* v. *Emery,* Cowp. 278; 1 Liverm. Ag. 103; *Mills* v. *Banks,* 3 P. Wms. 1; 1 Powell, Mort. 61, 62; *Lancaster* v. *Dolan,* 1 Rawle, 231; *Williams* v. *Woodard,* 2 Wend. 487; *Bank of Missouri* v. *McKnight's Heirs,* 2 Missouri, 42; 1 Sugd. Vend. & Purch. 538; *Rossiter* v. *Rossiter,* 8 Wend. 494; *Taggard* v. *Stanberry,* 2 McLean, 543; *Burdet's case,* Cro. Eliz. 48; *Howard* v. *Baillie,* 2 H. Bl. 618; *Marr* v. *Given,* 10 Shep. 55.

The power to give the mortgage includes the power to give the note; but if it did not, the mortgage, being a distinct security, would still be good. *Rice* v. *Rice,* 4 Pick. 349; *Smith* v. *People's Bank,* 11 Shep. 185; *Davis* v. *Maynard,* 9 Mass. 242, 247.

The language of the power should be construed strongly against the constituent; the attorney produced his power at the time, and said that he was authorized by it to give the mortgage; the constituent, having used words which misled his attorney, ought to be bound by them. Story, Ag. § 74.

2. The form of execution was proper. The cases show that the authority need not appear or be referred to in an instrument executed by the attorney. *Frontin* v. *Small,* 2 Stra. 705; *Morse* v. *Green,* 13 N. H. 32; *Lancaster* v. *Dolan,* 1

Rawle, 231; *Mechanics Bank* v. *Bank of Columbia*, 5 Wheat. 326; *Wilks* v. *Back*, 2 East, 142, 145, by *Lawrence*, J.; Opinion of David Hoffman, 3 Am. Jur. 52, 67, 83; Story, Ag. § 147; *Devinney* v. *Reynolds*, 1 W. & S. 328; *Elliot* v. *Sleeper*, 2 N. H. 525; *Combe's case*, 9 Co. 75, 76 *b; Fowler* v. *Shearer*, 7 Mass. 14, 19; *Elwell* v. *Shaw*, 16 Mass. 42; *S. C.* 1 Hare & W. Lead. Ca. 422, and notes, 426; 4 Cruise, (Greenl. Ed.) 40; *Cady* v. *Shepherd*, 11 Pick. 400.

*F. H. Dewey*, for the defendants.

1. The power gives no authority, express or implied, to make the note and mortgage. *Taylor* v. *Horde*, 1 Burr. 60, 120; *Ivy* v. *Gilbert*, 2 P. Wms. 13; *Nixon* v. *Hyserott*, 5 Johns. 58; *Gibson* v. *Colt*, 7 Johns. 390; *Hubbard* v. *Elmer*, 7 Wend. 446; *Rossiter* v. *Rossiter*, 8 Wend. 494; *Paige* v. *Stone*, 10 Met. 160, 168; *Webber* v. *Williams College*, 23 Pick. 302; *Taber* v. *Cannon*, 8 Met. 456; *Emerson* v. *Providence Hat Man. Co.* 12 Mass. 237; *May* v. *Brownell*, 3 Verm. 463; *Swett* v. *Brown*, 5 Pick. 178; *Attwood* v. *Munnings*, 7 B. & C. 278; *Hixon* v. *Oliver*, 13 Ves. 108, 114; *Hay* v. *Goldsmidt*, (cited in) 1 Taunt. 349; *Odiorne* v. *Maxcy*, 13 Mass. 178, 181; *Holton* v. *Smith*, 7 N. H. 446; Story, Ag. § 68.

2. The note and mortgage were not so executed as to bind the constituent. Story, Notes, §§ 11, 66, 71; Story, Ag. § 147; *Stackpole* v. *Arnold*, 11 Mass. 27, 29; *Magill* v. *Hinsdale*, 6 Conn. 464.

FLETCHER, J. The first question, as to the plaintiff's title to the land, is, whether the form of executing the mortgage and note by the attorney was a legal execution of his power as such; whether signing the name of the principal, Benjamin Goodridge, as if it were his own personal act and signature, (it not appearing upon the instruments to be done by Levi as attorney,) was a good execution of the instruments under the power, so as to make them valid as the deed and note of Benjamin, and thus effectually to convey the land to Sewall Goodridge by the mortgage, under which the plaintiff's title is derived.

When one writes the name of another to a deed, in his presence, at his request, and by his direction, the act of writing is regarded as the party's personal act, as much as if he had

held the pen, and signed and sealed the instrument with his own hand. Story, Ag. § 51; *Ball* v. *Dunsterville*, 4 T. R. 313; *Lovelace's case*, W. Jones, 268; *Hibblewhite* v. *M'Morine*, 6 M. & W. 200, 214, 215; *Gardner* v. *Gardner*, 5 Cush. 483.

In the present instance, the deed and note were not executed by Benjamin personally; nor in his presence, but in his absence; and, so far as appears, without his knowledge. But, upon the face of the papers, they appear to have been signed by him personally and with his own hand. In fact, they were signed by Levi; but it does not appear, upon the face of the papers, that in signing the name of Benjamin, Levi acted as his agent, or intended to act under the power of attorney from Benjamin, or meant to execute the authority given by that power.

The deed and note, which thus appear to be signed by Benjamin personally, when, in fact, they were signed by Levi, are not such instruments, as Levi was authorized to make. He was authorized to make instruments in the name of Benjamin; not as made by Benjamin personally; but by Levi, in his name, as his attorney. It should appear upon the face of the instruments, that they were executed by the attorney, and in virtue of the authority delegated to him for this purpose. It is not enough, that an attorney in fact has authority, but it must appear, by the instruments themselves, which he executes, that he intends to execute this authority. The instruments should be made by the attorney expressly as such attorney; and the exercise of his delegated authority should be distinctly avowed upon the instruments themselves. Whatever may be the secret intent and purpose of the attorney, or whatever may be his oral declaration or profession at the time, he does not in fact execute the instruments as attorney, and in the exercise of his power as attorney, unless it is so expressed in the instruments. The instruments must speak for themselves. Though the attorney should intend a deed to be the deed of his principal, yet it will not be the deed of the principal, unless the instrument purports on its face to be his deed. The authority given clearly is, that the attorney shall execute the deed as attorney, but in the name of the principal.

There is much learning and much discussion, in the books of the law, as to the proper mode of executing authority by

agents. In what form, the agent should execute his authority, so as to bind his principal, and not bind himself, has been a subject largely considered in elementary works, and much discussed in numerous adjudged cases. The rule commonly laid down by all the authorities is, that to bind the principal, the instrument must purport, on its face, to be the instrument of the principal, and executed in his name; or, at least, that the tenor of the instrument should clearly show, that the principal is intended to be bound thereby, and that the agent acts merely as his agent in executing it.

But it is contended, that it is nowhere laid down in any work of authority, or established by any adjudged case, that the agent may put the name of the principal, as his own personal act and signature; the execution of the agent, as agent, not being in any way disclosed. Such an execution does not appear to be warranted by the power delegated to execute the instrument as attorney, but in the name of the principal.

If such a mode of execution is proper and legal, it seems most remarkable, that it is nowhere stated or suggested in any work of authority. The execution of instruments by agents, in this way, would certainly be attended with great difficulties and dangers. If the agent might execute instruments in this mode, the principal, if he found his name signed to an instrument, would have no means of knowing by whom it had been signed, or whether he was bound or not bound by such signature; and other persons might be greatly deceived and defrauded, by relying upon such signature as the personal act and signature of the principal, when the event might prove, that it was put there by an agent, who had mistaken his authority, and consequently that the principal was not bound. When it should be discovered that the name of the principal was not written by him, as it purports to be, it might be wholly impossible to prove the execution by attorney, as there would be nothing on the note to indicate such an execution. For authorities as to the form of execution of the mortgage and note, see Story, Ag. §§ 147, 148, 153, notes, and cases cited; Hoffman's opinion, in 3 Am. Jur. 71 – 85; *Wilks* v. *Back*, 2 East, 142; Story, Notes §§ 11, 66, 71. In

the case of *Stackpole* v. *Arnold*, 11 Mass. 27, 29, Parker, C. J., said : " No person, in making a contract, is considered to be the agent of another, unless he stipulates for his principal by name, stating his agency in the instrument which he signs. This principle has been long settled, and has been frequently recognized ; nor do I know an instance in the books of an attempt to charge a person as the maker of any written contract, appearing to be signed by another, unless the signer professed to act by procuration or authority, and stated the name of the principal on whose behalf he gave his signature."

There is a *dictum* of Lawrence, J., in the case of *Wilks* v. *Back*, 2 East, 142 – 145, which would seem to import, that an agent might put his principal's name, without stating it to be by attorney.  But it is but a *dictum*, the import of which is not entirely clear and certain.

Though there is no direct authority to the point, the court are inclined to think, that the execution of the mortgage and note, in the present case, were not such as the attorney was authorized to make, and not such as to make them valid and binding.  But it is not necessary to place the decision of the case on that ground.

There is another point in the case, which is conclusive against the plaintiff's right to the land, and of course against her right to maintain this action.  Levi Goodridge, who made the mortgage and note, had no authority under his power of attorney from Benjamin Goodridge to do these acts, so that the mortgage and note are both invalid and without any legal effect.  In accordance with the general and well settled principles of law, the power of attorney to Levi must be so interpreted, as not to extend the authority given to him beyond that which is given in terms, or which is necessary and proper for carrying the authority expressly given into full effect. Now the power of attorney, in this case, very clearly did not in terms give to Levi authority to mortgage the real estate of his principal ; still less does it in terms give him power to borrow money, and to bind his principal by a promissory note ; nor does the case show, by any means, that such power was necessary and proper for carrying into effect the authority ex-

pressly given.   In truth, the object of the power seems to be, to give Levi authority to manage and take care of the property of his principal, in the best manner, but not to involve his principal in debt, and bind him by a promissory note, and pledge his real estate as security.   There is nothing in the case to show, that it was necessary for Levi, in the execution of any authority given him, to raise money for his principal by, note and mortgage ; or even that the money raised was in fact for his principal.   In the absence of all evidence, that the money was in fact obtained for the principal, or that it was necessary for the execution of the authority given, there being no express authority to make a mortgage or negotiable note, there is an entire failure to show, that Levi had any power to make the note and mortgage ; and the title of the plaintiff, being derived under that mortgage, wholly fails.

The plaintiff, having no valid title, and no right to exclusive possession, according to the agreement of parties, judgment must be rendered for the defendants.