## NATHANIEL BRIGGS *vs.* CITY OF TAUNTON.

A sheriff who receives an annual salary from the county treasury, as provided by the St. of 1867, c. 345, is not entitled to additional compensation for presiding as sheriff at the trial by a jury to assess damages for land taken for a highway, nor for travel in the performance of that duty, nor for drawing up the return of the verdict to the Superior Court, nor for making out the requisitions upon the towns, and the summons to the jurors, nor for time spent in causing the jurors to be summoned; and no such charges can be allowed by the Superior Court in the bill of costs, under the Gen. Sts. c. 43, § 45.

The Superior Court, in taxing costs under the Gen. Sts. c. 43, § 45, upon the return of the verdict of a sheriff's jury, cannot allow fees for serving the requisitions upon the towns, the summons to the jurors, and notices to the parties, unless indorsed upon the precepts, as required by the Gen. Sts. c. 157, § 18.

In the taxation of costs under the Gen. Sts. c. 43, § 45, upon the return of a verdict rendered at a trial at which the sheriff presided, no exception lies to the decision of the Superior Court, allowing charges of the sheriff for a janitor, and for stationery and other trifling incidental expenses at the trial; nor to its disallowance of a charge for the travel and attendance of a deputy sheriff at such trial, unless the bill of exceptions shows that this charge was disallowed upon the ground that it could not by law be allowed.

APPEAL by the respondents from the taxation of costs by the clerk on the return of a verdict of a sheriff's jury upon a pe-

tition for the assessment of damages for land taken to widen a highway in Taunton. The only items objected to were those of the sheriff's bill of costs, the whole of which was allowed by the clerk. At the hearing before the Superior Court, *Dewey, J.*, disallowed some of the items, and allowed others. Both parties alleged exceptions, the substance of which is stated in the opinion.

*G. Marston & S. R. Townsend*, for the petitioner.

*G. E. Williams*, for the respondents.

GRAY, J. This is a question of the taxation of costs in the Superior Court upon the return of the verdict of a sheriff's jury assessing damages for land taken to widen a highway in Taunton. The allowance of the jurors' fees is not objected to. The other charges in the bill of costs returned by the sheriff may conveniently be grouped under three heads: the personal services of the sheriff; fees for serving precepts; and expenses incident to the trial.

1. The statutes of the Commonwealth provide that the sheriffs of the several counties shall receive annual salaries of a fixed amount, payable quarterly from the treasury of their respective counties. Gen. Sts. c. 17, § 70. St. 1867, c. 345. It is argued for the petitioner that the duties for which the sheriff is to be paid by a salary are only his general duties as an executive officer, and especially for attending as such upon all courts, and upon meetings of the county commissioners when ordered by them, as provided in the Gen. Sts. c. 17, § 69. But the St. of 1859, c. 257, which first established the system of paying the sheriffs by fixed salaries, not only required such attendance of them, but further provided that they "shall perform all other duties now required of them by law." St. 1859, c. 257, § 3. And we are of opinion that it was the intention of the Legislature that the salary of the sheriff should be in full compensation of all services performed by him in person within his county, whether in a strictly executive, or in a *quasi* judicial capacity; and that for all official duties, whether executive or judicial in their nature, which he could not delegate to his deputies, no costs should be taxable to the parties in any civil suit or proceeding. The duty of presiding at a trial

before a sheriff's jury, either for the assessment of damages for lands taken for a highway or railroad, or under the mill act, is a duty required by law of the sheriff in person, unless he is interested or unable to attend, (in which case a coroner is to preside,) or unless, at the request of either party, a person is appointed, by the tribunal which issues the warrant for a jury, to preside at the trial, in which last case the statutes provide that the compensation of the person so appointed may be determined by the court to which the verdict is returned. Gen. Sts. c. 43, §§ 32, 33, 35, 45; c. 63, §§ 21, 22; c. 149, §§ 13, 14, 33. *Tripp* v. *County Commissioners*, 2 Allen, 556. *Richardson* v. *Curtis*, 2 Gray, 497. It follows that when no person is so appointed, and the sheriff himself presides at the trial, he is no more entitled to compensation for his duties in that capacity, than any judicial officer who is paid by a fixed salary, and nothing is to be taxed therefor by way of costs. The exception of the respondents to the ruling of the Superior Court allowing such compensation must therefore be sustained and that item disallowed.

The item charged for travel of the sheriff to and from the trial stands upon the same ground, and should also have been disallowed. The travel, which the officer by whom the jury is summoned is required by the Gen. Sts. c. 43, § 36, to certify to the Superior Court, is only his necessary travel in summoning jurors as an executive officer; not travel performed by him in a judicial capacity. No other executive or judicial officer, we believe, who is paid by a fixed annual salary, is authorized by law to receive any compensation for travel in the performance of his official duties. In the only case in which costs are taxable for the travel and attendance of county commissioners they are to be paid into the county treasury; and that is only when a petition to them is dismissed as unfounded. Gen. Sts. c. 17, §§ 29, 30. It was admitted at the argument that the sheriff was entitled to no compensation for his attendance upon courts of record or meetings of the county commissioners; the statute regulating the fees of sheriffs and their deputies allows fees for travel as well as for attendance at such courts or meetings to the deputies only; and the provision allowing to the sheriff travel for returning votes to

the office of the secretary of the Commonwealth excludes by implication such an allowance to him for duties performed within his county. Gen. Sts. c. 157, § 4. St. 1859, c. 257, § 4.*

For like reasons, the charge of the sheriff for drawing up the return which the officer presiding at the trial is required by the Gen. Sts. c. 43, §§ 33, 40, to make to the Superior Court, was rightly disallowed. It was no more a subject of distinct compensation than the drawing up of a report or bill of exceptions by the presiding judge of a court of record.

The charge for making out the written requisitions upon the three adjoining towns for jurors, and for the summons to the jurors drawn upon such requisitions, falls within the same rule. As the warrant for a jury was directed to the sheriff, this duty, by the Gen. Sts. c. 43, §§ 27, 28, could only be performed by him in person, and must be deemed to be one of the services for which he is compensated by his salary.

The item of "time causing jurors to be summoned" was rightly disallowed as a charge not authorized by law.

2. The provision of the Gen. Sts. c. 157, § 18, is explicit, that "all travelling fees and fees for the service of writs or precepts of which an officer is required to make a return, shall be indorsed on the writ or precept, or they shall not be allowed." The charges of fees for serving the requisitions upon the towns, and notices to the parties, and for travel in serving both of these, and for service of the summons upon the jurors drawn from such towns, were therefore rightly disallowed, because not indorsed upon any precept. *Weston* v. *Weston*, 102 Mass. 514.

In *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116, no question was made of the proof or amount of the services for which fees were charged by the sheriff.

3. The question of the allowance in the bill of costs of reasonable expenses incident to the trial before the sheriff's jury is to be determined by the Superior Court, and is not open to revision,

---

* By the St. of 1873, c. 204, "Sheriffs presiding over sheriffs' juries shall be entitled to charge therefor ten dollars a day and ten cents a mile travel, which shall be certified and paid in the same manner as the fees of the jurors."

so far as it involves matters of fact or discretion, but only upon rulings which appear by the bill of exceptions to have been erroneous in point of law. Gen. Sts. *c.* 43, § 45. *Richardson* v. *Curtis*, 2 Gray, 497. *Adams* v. *County of Hampden*, 13 Gray, 439.

The two items of three dollars each for " sundry expenses, stationery, &c., at the hearing," and " paid janitor for services during the hearing at the court house," where the trial before the sheriff's jury was had, lasting three days, fall within this class, and no exception lies to their allowance by the Superior Court.

The charge for services and travel of a deputy sheriff at the trial is stated in the bill of exceptions to have been " disallowed, as the statute makes no provision for the attendance and pay for the services of a deputy sheriff when the sheriff attends and presides at the trial, and there was no request by counsel for his attendance." The sheriff presiding at the trial might either keep the jury himself, or leave them in the charge of a deputy, without invalidating the verdict. *Tripp* v. *County Commissioners*, 2 Allen, 556. It is only when another person is appointed to preside at the trial, that the statute expressly provides that " the jury may be attended by a deputy sheriff." Gen. Sts. *c.* 43, § 32. We have no doubt that when the sheriff himself presided at the trial, it would be within the discretion of the Superior Court to allow the costs of the attendance of a deputy sheriff. But as the bill of exceptions does not show whether this charge was disallowed upon the ground that the attendance of a deputy sheriff could not by law be allowed when the sheriff presided at the trial, or because neither party requested it, and it was not deemed by the judge in the exercise of his discretion to be a reasonable expense, the exception to the disallowance of this charge must be overruled. *O'Brien* v. *Barry*, 4 Gray, 604.

It is admitted by the petitioner that the disallowance of the charge made for a report of the evidence at the trial was within the discretion of the Superior Court, and the exception to this ruling was not insisted upon at the argument.

The result of the whole matter is that all the petitioner's exceptions are overruled and the

*Respondents' exceptions sustained in part.*