ELDRIDGE G. WASSON & others *vs.* WILLIAM P. BOWMAN & another & trustees.

Middlesex.    January 15. — 19, 1875. AMES & ENDICOTT, JJ., absent.

Where one summoned under the trustee process files his answer upon oath at the first term, either denying that he has any goods, effects or credits of the principal defendant in his possession, or admitting his liability for a certain sum, and no further interrogatories or allegations are filed to or against him, no claimant of the fund intervenes, and the litigation proceeds between the principal parties for several terms before the entry of a formal judgment charging or discharging the trustee upon his answer, the trustee is only entitled to costs for the term at which his answer was filed.

TRUSTEE PROCESS returnable at December term 1871 of the Superior Court. At the first term, Moses W. Kidder, summoned as trustee, appeared and filed his answer under oath, denying that he was indebted to the defendants, or that he had any goods, effects or credits belonging to them in his hands or possession, and praying to be discharged ; and Frank E. Bennett, summoned as trustee, appeared and filed his answer under oath, declaring that he was indebted to the defendants in the sum of $68.18.

The plaintiffs, at March term 1874, moved that Kidder be discharged and Bennett charged on their respective answers, and that each be allowed costs only for the first term. At the hearing before *Aldrich*, J., it appeared that after the first term no further examination was had or question raised as to the trustees,

and that no allegation was ever made against them, and that neither of said trustees was again called upon to answer further, and the litigation proceeded altogether between the principal parties ; that one of the principal defendants was defaulted the first term, and that at the same term the other appeared and filed for answer a general denial, and the cause was thereupon continued from term to term to the present March term, when the principal defendant, who had answered, consented in writing that judgment might be rendered against him.

Upon these facts the judge ruled that each trustee was entitled to costs at each term including the present, and allowed each of the alleged trustees his costs for travel and attendance at each term of the court, including the present term, and directed that Bennett be charged upon his answer and allowed to retain his costs as above up to and including this term, and that Kidder be discharged upon his answer with costs as above stated.   To this ruling the plaintiffs alleged exceptions.

*D. S. Richardson*, ( *G. F. Richardson* with him,) for the plaintiffs.

*G. Stevens & W. H. Bent*, for the trustees.

GRAY, C. J.  This case presents the question whether when a trustee has filed his answer upon oath, either denying that he has any goods, effects or credits of the principal defendant in his possession, or admitting his liability for a certain sum, and no further interrogatories or allegations are filed to or against him, no claimant of the fund intervenes, and the litigation proceeds between the principal parties for several terms before the entry of a formal judgment charging or discharging the trustee upon his answer, the trustee is entitled to costs after the term at which his answer was filed.

This is an important question of practice, the decision of which requires a careful examination of the statutes and cases upon the subject.

The St. of 1794, *c.* 65, § 3, provided that if any supposed trustee should come into court at the first term, and declare that he had no goods, effects or credits of the principal defendant in his hands or possession, and submit himself to an examination upon oath, and upon such examination his declaration should appear to the court to be true, " the court shall award him his legal costs,

and, if he was summoned out of the county in which he resided, "such further costs as with his legal costs shall, under all the circumstances of the case, be a reasonable compensation to him for his time and expenses in appearing and defending himself against such suit."

While that statute was in force, it was adjudged by this court that when a trustee appeared at the first term and admitted funds, and no interrogatories were afterwards filed, and the trustee was not again called upon, and the litigation proceeded altogether between the principal parties, the trustee was not entitled to costs after the first term ; for the reason, as stated by Chief Justice Shaw, that " it would be unjust in principle, and required by no necessary or reasonable construction of the statute, that a trustee should be allowed costs during the whole of a protracted litigation, between other parties, in relation to which he has no concern and can incur no responsibility." *Hoyt* v. *Sprague*, 12 Pick. 407, 415.

There is nothing in the later statutes or adjudications, which affects the force of that decision as a precedent, although there are some *obiter dicta*, which, at first sight and without regard to the facts of the cases in which they were uttered, might seem to have such a tendency.

In *Crocker* v. *Baker*, 18 Pick. 407, 413, in which discharged trustees were allowed full costs taxed according to the common fee bill, the defendant had been defaulted, and the case had been continued in court for the sole purpose of determining whether the trustees were or were not chargeable; and Mr. Justice Morton, in delivering the opinion of the court, said : " When trustees are charged or discharged, they cease to have any further interest in the suit, and afterwards they can in no light be regarded as parties or have any claim for costs." His support of this proposition by a reference to *Hoyt* v. *Sprague* shows that he meant to include the case of trustees appearing on the face of their answers to be charged or discharged ; just as the St. of 1794, *c.* 65, § 5, spoke of those who had " discharged themselves upon oath of being trustees."

By the Rev. Sts. *c.* 109, §§ 49–51, it was enacted that " if any person, summoned as trustee, shall appear at the first term, and submit himself to an examination upon oath, as before provided,

he shall be allowed his costs for travel and attendance, and such further sum as the court shall think reasonable, for his counsel fees and other necessary expenses;" to be deducted, if he was charged, out of the funds in his hands; and if he was discharged, to be paid by the plaintiff.

In *Holbrook* v. *Waters*, 19 Pick. 354, in which, as in *Crocker* v. *Baker*, the litigation was upon the question whether the trustees were or were not chargeable, it was observed by Chief Justice Shaw that the Revised Statutes differed from the St. of 1794 : 1st. in giving costs at all events and in all cases to trustees who appeared at the first term, the old statute having included only those who discharged themselves upon their answers; 2d. in allowing them, if charged as trustees, to deduct their costs from the funds in their hands — which they could not do before; 3d. in not limiting the provision for an allowance beyond the taxable costs to trustees summoned out of their county. Compare *Cleveland* v. *Clap*, 5 Mass. 201 ; *Adams* v. *Cordis*, 8 Pick. 260. Those changes fully justified the remark of the Chief Justice, that " there is certainly a strong inducement, on the part of trustees, as the law now stands, to keep the cause pending." And he cautiously reserved his opinion upon the question whether the Revised Statutes had affected the point decided in *Hoyt* v. *Sprague*.

Upon consideration of the provisions of both statutes, the court is of opinion that no change was made in this respect. The substitution of the words " costs for travel and attendance," for the more general phrase " legal costs," appears to have been intended to define the items of costs which might be allowed, and to have no bearing upon the time during which the trustee should be entitled to costs. And the reasons, upon which *Hoyt* v. *Sprague* was decided, apply under the Revised Statutes with equal force to the case of a trustee who is discharged upon his answers; and with increased force to the case of a trustee who is charged, and deducts his costs out of the funds in his hands, whereby the defendant, who has no control over the time when formal judgment shall be rendered on the trustee's answer, might have the whole fund exhausted by allowing the costs of a merely formal attendance of the trustee.

In *Croxford* v. *Massachusetts Cotton Mills*, 15 Gray, 70, a claimant of the fund had intervened, and the question whether the

trustee should be charged or discharged depended upon the issue of the litigation between the plaintiff and the claimant; and Mr. Justice Merrick referred to the rule laid down in *Hoyt* v. *Sprague*, as still applicable to a case in which there was no occasion for the further attendance of the trustee in court.

In the General Statutes, the only changes which regard the question before us are derived from the new practice act of 1852. That act substituted term fees in place of costs for attendance. St. 1852, *c.* 312, § 81. And the Gen. Sts. *c.* 142, § 60, accordingly substitute " travel and term fees," in the reënactment of the Rev. Sts. *c.* 109, § 49. The Rev. Sts. *c.* 109, §§ 11–13, like the St. of 1794, *c.* 65, § 3, allowed the first answer of the trustee to be general in form and not under oath ; and did not prescribe the term of filing that answer, nor the time or manner of his further examination. The St. of 1852, *c.* 312, §§ 56, 57, and the Gen. Sts. *c.* 142, §§ 8, 9, require any person summoned as trustee to appear and file his answer under oath at the return term ; and in such answer to disclose, as plainly, fully and particularly as practicable, what goods, effects or credits, if any, of the principal defendant, were in the hands or possession of the supposed trustee ; and oblige him to answer further, only after seven days' notice of the filing of interrogatories by the plaintiff in the clerk's office. If the trustee does not seasonably file his first answer, he is not entitled to costs. *Phillips* v. *Flanders*, 14 Gray, 453.

There is nothing in these provisions, which manifests any intention in the Legislature to extend the time during which costs shall be allowed to a trustee, who has filed an answer under oath, positively and unqualifiedly denying or admitting funds in his hands, and has had no notice of any purpose of the plaintiff to examine him further or to allege any facts not covered by his answer.

In *Morrison* v. *McDermott*, 6 Allen, 122, as in *Croxford* v. *Massachusetts Cotton Mills*, above cited, the intervention of a claimant deferred the period at which the liability of the trustee could be determined ; upon referring to the papers on file, it appears that an assignment to the claimant was set forth in the answer of the trustee ; and the point decided was that the Gen. Sts. *c.* 142, § 73, reënacting the Rev. Sts. *c.* 109, § 21, sub-

mitted to the discretion of the court only the costs between the claimant and the plaintiff or the trustee, and not the costs between the trustee and the plaintiff. In *Kellogg* v. *Waite*, 99 Mass. 501, the only appeal to this court was by the defendant, irregularly and without right, from a judgment charging the trustee; the trustee had no occasion to follow the appeal into this court, and was therefore held not to be entitled to costs upon the appeal. The suggestion, in each of those cases, that the trustee should be entitled to costs at every term until he is charged or discharged, cannot be treated as overruling the adjudication in *Hoyt* v. *Sprague*.                  *Exceptions sustained.*