SALMON WASHBURN *vs.* M. J. CLARKSON & trustee.

Bristol. October 24. — 30, 1877. LORD & SOULE, JJ., absent.

In a trustee process, a person summoned as a trustee has a right to be heard on the validity of an assignment to an adverse claimant, and is entitled to costs while attending, for that purpose, the court in which it is pending.

APPEAL by the plaintiff from the taxation of costs in a trustee process. The case was submitted to the Superior Court, and to this court, on appeal, upon an agreed statement of facts in substance as follows :

The action was begun in the First District Court of Bristol. On the return day of the writ, the defendant was defaulted. The Old Colony Iron Company, summoned as trustee, appeared and answered that, at the time of the service upon it, it had no funds in its hands belonging to the defendant. Interrogatories to the trustee were thereupon filed by the plaintiff, and the trustee answered that at the date of the service there was due the defendant the sum of $43.20, which was claimed by one C. G. Washburn, by virtue of an assignment of the same to him by the defendant. Washburn was then admitted as adverse claimant, and, upon a trial of the issue thus raised, his claim was allowed, and the trustee discharged. From that judgment the plaintiff took an appeal, which was entered at September term 1875 of the Superior Court, and at September term 1876 a trial was had as between the plaintiff and the claimant, and, upon a finding by the jury that the assignment was valid, judgment was entered for the claimant, and the trustee discharged, with costs. No further interrogatories to the trustee were filed in the Superior Court. The claimant was allowed costs against the plaintiff. The trustee claimed and taxed against the plaintiff costs for the whole time the case was in the Superior Court, in addition to the costs taxed in the District Court.

The clerk allowed such costs to the trustee. The Superior Court affirmed the taxation of costs, at December term 1876, including costs for that term ; and the plaintiff appealed to this court.

*S. R. Townsend,* for the plaintiff.

*H. J. Fuller*, for the trustee.

GRAY, C. J.   The issue whether the trustee should be charged or discharged depended upon the question whether the assignment to the claimant was valid.   The trustee had therefore a direct interest in that question and a right to be heard upon it, and was entitled to costs while attending for that purpose the court in which it was pending.   There is nothing to show that the amount of costs allowed him was unreasonable.   The case differs from one where no claimant intervenes, and the whole litigation after the filing of the trustee's answer is between the plaintiff and defendant, in which the trustee has no occasion and no right to be heard.   Gen. Sts. *c.* 142, §§ 60–62.   *Croxford* v. *Massachusetts Cotton Mills*, 15 Gray, 70.   *Morrison* v. *McDermott*, 6 Allen, 122.   *Wasson* v. *Bowman*, 117 Mass. 91.

*Taxation affirmed.*