## HENRY C. HAWKINS & another *vs.* CATHERINE GRAHAM & trustee.

Bristol.  Oct. 29. — Nov. 3, 1879.  COLT & AMES, JJ., absent.

If a person summoned as trustee files an answer at the first term, upon which he is entitled to be discharged, and no interrogatories or further allegations are filed, he is not entitled to costs at subsequent terms, while the case is pending on the docket, although the principal defendant does not appear.

Under the Gen. Sts. c. 142, § 60, a person summoned as trustee is not entitled to an attorney's fee, nor to any allowance for counsel fees, except at the discretion of the court; and the exercise of such discretion by the Superior Court cannot be revised by this court on appeal by the trustee from the taxation of costs.

APPEAL from the taxation of costs in a trustee process.  The record showed the following facts :

The action was returnable at September term 1878 of the Superior Court.  At that term, Henry Matthews, summoned as trustee, answered that, at the time of the service of the writ upon him, he had not in his hands, possession or control any goods, effects or credits of the defendant; and that two other writs of other plaintiffs, returnable at the same term as the present writ, had been served upon him as alleged trustee; and prayed to be discharged, and for his costs.  The trustee afterwards, at the same term, filed a supplemental answer, alleging that, since filing the original answer, he had learned that, previously to the service upon him of the writ in this action, there had been served upon him, as supposed trustee, a writ in another action against Graham, which action was duly entered and was still pending; and that, between the time of service upon him of the writ in that action, and the service upon him of the writ in the present action, the pecuniary relations between him and the defendant had in no respect been changed.  The defendant, though summoned, did not appear; and the case was continued from term to term until June term 1879, when the defendant was defaulted, and the trustee discharged.

The trustee claimed a term fee and travel for each term that the case was in court, and an attorney's fee for the first term. The clerk allowed the term fee and travel for the first term, but

disallowed the attorney's fee for that term, and also disallowed the costs of the subsequent terms. *Brigham*, C. J., affirmed the clerk's taxation of costs; and the trustee appealed to this court.

*B. K. Lovatt*, for the trustee.

*W. H. Pierce*, for the plaintiffs.

GRAY, C. J. The trustee having filed answers at the first term, upon the face of which he appeared to be entitled to his discharge, and the plaintiffs having taken no step to avoid the effect thereof by further interrogatories or allegations, the trustee had no occasion to attend, and was not entitled to costs, at subsequent terms, while the case was still pending upon the docket and had not been disposed of as between the principal parties, no final judgment having been entered on the default of the defendant. *Wasson* v. *Bowman*, 117 Mass. 91. *Washburn* v. *Clarkson*, 123 Mass. 319.

The trustee was not entitled to an attorney's fee, nor to any allowance for counsel fees, except at the discretion of the court. *Holbrook* v. *Waters*, 19 Pick. 354. Gen. Sts. *c.* 142, § 60. And this court has no authority to revise the exercise of the discretion of the Superior Court in this respect. *Briggs* v. *Taunton*, 110 Mass. 423, 427. Since the decision in *Holbrook* v. *Waters*, appeals to this court, which under former statutes opened the whole case, in matters of fact as well as of law, have been limited to questions of law only. Rev. Sts. *c.* 82, § 6. St. 1840, *c.* 87, §§ 4, 5. Gen. Sts. *c.* 114, § 10.  *Taxation affirmed.*