GEORGE W. BARBER vs. HENRY S. PARSONS.

SAME vs. JOSEPH WELCH.

SAME vs. HENRY W. CROCKER.

Hampden. Sept. 27. — Oct. 21, 1887. C. ALLEN & HOLMES, JJ., absent.

Three actions of slander were brought by the same plaintiff against three different defendants for the same or similar defamatory words; and, by agreement of parties, they were referred to the same referee, who heard them together on three consecutive-days, and made an award in each case in favor of the defendant, on which judgment was entered. The certificate of witnesses filed in each case showed that the same witnesses for the defendants attended in each case the same number of days and travelled the same number of miles, with a trifling exception. *Held*, that the fees for the attendance of witnesses should be taxed in all the cases, but that the fees for their travel should be taxed only in the case in which they were summoned.

FIELD, J. These are three actions of slander brought by the same plaintiff against three different defendants for the same or similar defamatory words ; and, by agreement of parties, they were referred to the same referee, who heard them together on the 15th, 16th, and 17th of December, 1886, and made an award in each case in favor of the defendant, on which judgment was entered. A certificate of witnesses has been filed in each case, from which it appears that the same twenty-seven witnesses for the defendants attended in each case the same number of days, and travelled the same number of miles, with a single exception. H. B. Lewis certifies in the first and second cases that he attended one day, and travelled twenty miles, and in the third case that he attended one day and travelled two miles. The number of days of attendance in each case is seventy-three. The number of miles of travel in the first and second cases is 1202, and in the third case 1184. The amount taxed for attendance in each case is $36.50. The amount taxed for travel in each of the first and second cases is $60.10, and in the third case $59.20, making the whole amount taxed for travel and attendance $96.60 in each of the first and second cases, and $95.70 in the third case, being at the rate of fifty cents a day for attendance, and five cents a mile for travel. Pub. Sts. c. 199, § 14.

The principles which must govern these appeals are declared in *Miller* v. *Lyon*, 6 Allen, 514, and *Day* v. *Berkshire Woollen Co.* 1 Gray, 420. It must appear that the attendance of the witnesses " was reasonably and in good faith procured by the party making the taxation; and that they were paid, or actually attended, so as to be entitled to their fees." The certificates " are competent *prima facie* evidence for the allowance of the amount certified, but are not conclusive," and the court " may decide upon the reasonableness of the conduct of the party as to the number of witnesses, and the length of their attendance, in order to secure good faith, and prevent oppression or reckless expense." 6 Allen, 515. " If the witnesses were summoned, and attended and were paid in the different cases, their travel and attendance might be taxed in each." 1 Gray, 424.

It was said at the argument, and not denied, that the three defendants were represented by the same attorneys before the referee. The amount taxable in each case is the amount of the legal fees for witnesses in the case, which the defendant has paid or is under liability to pay. If the witnesses were summoned in but one case, their travel, we think, should be taxed only in that case, although the attorneys may have requested them to remain in attendance for all the cases. It is not necessary that a witness be summoned to entitle him to his fees: it is sufficient if he attends on request; but, when three cases are heard together, and the same attorneys are employed in each of the cases, and the witnesses are all summoned in but one case, they are not entitled to more than one travel merely because the officer who served the subpœnas on the witnesses requested them to attend for all the cases. There might, however, be such separate requests for travel and attendance as, if acted upon, would show separate contracts, and would entitle the witnesses to be paid for travel as well as attendance in each case. We infer, however, from the facts found in these cases, that there was no such request as entitles the witnesses to travel except in the case in which they were summoned. If the witnesses, having appeared in obedience to a subpœna, were requested to remain as witnesses in all the cases, we think they are entitled to be paid for attendance in each case while they attended as witnesses in that case, and that they might attend as witnesses in three cases.

at the same time. It is a question of fact whether, while a witness remains in attendance, he is attending as a witness in all the cases, or in some one or more of them. If one case is tried before the trial of another is begun, the attendance of a witness should not be taxed in the former case after the trial is finished, nor ought it to be taxed in the latter for a length of time before the trial, which under all the circumstances should be thought unreasonable.

On the somewhat meagre facts found in the Superior Court, and regarding the certificates as *prima facie* evidence, we think that the fees for the attendance of witnesses should be taxed in all the cases, but that the fees for their travel should be taxed only in the case in which they were summoned. We infer from the copies of the taxation appearing in the papers, that the witnesses were summoned in the first case, which is that in which Henry S. Parsons is defendant. The order of the Superior Court in the taxation of costs in that case is affirmed. In the other cases, the order is reversed, the fees for the travel of witnesses are to be stricken from the bills of costs, and, when thus corrected, the taxation is to be affirmed. No costs are to be allowed on these appeals. *So ordered.*

*J. J. Jennings*, (of Connecticut,) for the plaintiff.

*M. B. Whitney*, for the defendants.