*W. G. Bassett*, for the petitioner.

JAMES B. CARROLL *vs.* ELIZABETH A. DALY.

Hampden.    September 26, 1894. — November 30, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Taxation of Costs — Storage of Goods attached — Officer's Fees — Case stated.*

Upon an appeal from the taxation of costs, the judgment of the Superior Court disallowing an item for the storage of goods attached cannot be revised by this court where no facts upon which the correctness of the judgment depends and no ruling of law appear upon the record.

A statement of facts agreed to by the counsel of the parties and filed in the Superior Court after a hearing therein, accompanied by a stenographic report of the testimony taken at the hearing, cannot be considered by this court if it does not appear by the record to have been passed on in the Superior Court.

An appeal from the judgment of the Superior Court brings before this court only matters of law apparent on the record.

LATHROP, J.    This is an appeal from the taxation of costs. The record shows that in the Superior Court, in an action of contract to recover the sum of $83, certain goods and chattels of the defendant were attached by a deputy sheriff on November 18, 1892; that the return of the officer on the writ states his fees at $6.58; and that on January 16, 1894, the officer was allowed to amend his return by adding thereto the item, "Expense of storing the goods attached, $210," this being accompanied by the sworn certificate of the officer that these expenses were actually incurred, and the charge reasonable.   The record

also sets out the plaintiff's bill of costs, amounting to $226.71, which included the item of $210 for storage; that this item was disallowed by the clerk, and by a justice of the Superior Court on appeal; and that the plaintiff thereupon appealed to this court.

At the argument before this court, the parties sought to present the case on a statement of facts agreed to by their counsel, and filed in the Superior Court after the taxation by the clerk had been affirmed, accompanied by what purports to be a stenographic report of the testimony taken in the Superior Court. On the facts agreed and the inferences to be drawn·from the testimony we are asked to review the finding of the justice of the Superior Court.

The proceedings are wholly irregular. The judgment of the Superior Court cannot be revised by this court upon matters of fact or discretion. *Hubner* v. *Hoffman*, 106 Mass. 346. *Briggs* v. *Taunton*, 110 Mass. 423. *Hawkins* v. *Graham*, 128 Mass. 20, 21. While an appeal will lie to this court from the judgment of the Superior Court, it brings before this court only matters of law apparent on the record. *Hawkins* v. *Graham*, 128 Mass. 20. See also *Miller* v. *Lyon*, 6 Allen, 514; *Barber* v. *Parsons*, 145 Mass. 203.

If the facts upon which the correctness of the judgment depends do not appear of record, the usual way to bring the questions sought to be raised to this court is by a bill of exceptions. *Barnes* v. *Smith*, 104 Mass. 363. *Hubner* v. *Hoffman*, 106 Mass. 346. *Briggs* v. *Taunton*, 110 Mass. 423.

If in this case the judge had allowed a bill of exceptions, and the parties had subsequently sought to vary it by filing a statement of facts, we could not have taken this statement into consideration. *Lee* v. *Kilburn*, 3 Gray, 594. Much less can we consider a statement of facts which does not appear by the record to have been passed on in the Superior Court.

In the case at bar the plaintiff seeks to justify the item for storage on the ground that it was necessary under the circumstances of the case. But there is nothing in the record to show that such necessity existed, or that the judge made any ruling as matter of law. The order therefore must be,

*Judgment affirmed.*

*A. M. Copeland*, for the plaintiff.
*D. E. Webster*, for the defendant.