INHABITANTS OF NEW MARLBOROUGH vs. AMOS BREWER.

Berkshire.    November 10, 1897. — January 8, 1898.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Taxation of Costs — Statute.*

Where the declaration in an action contains five counts, and the judge instructs the jury that the plaintiff is not entitled to recover on the fourth and fifth counts, and they return a general verdict for the plaintiff, but no verdict for the defendant on either the fourth or fifth count, and the case goes to judgment without anything further being done, the defendant is not entitled to costs under Pub. Sts. c. 198, § 12.

APPEAL from the refusal of the clerk of the Superior Court to tax costs for the defendant, in an action of tort. The Superior Court affirmed the taxation of costs; and the defendant appealed to this court. The facts appear in the opinion.

*G. C. Warner*, for the defendant.

*H. C. Joyner*, for the plaintiff.

LATHROP, J. The defendant contends that the case falls within the Pub. Sts. c. 198, § 12. This section reads as follows: " When there are two or more counts on several and distinct causes of action, and a verdict is rendered for the plaintiff on one or more of them, and for the defendant on any other or others, each party shall recover his costs paid for the travel and attendance of witnesses, and for depositions and other evidence produced, examined, or used on the trial of the counts upon which the verdict is in his favor, and shall recover nothing for the like charges incurred on the trial of the other counts."

This statute first appears in the Rev. Sts. c. 121, § 16, and has been in force since. Gen. Sts. c. 156, § 11. Prior to its enactment, a plaintiff was entitled to full costs if he recovered upon any count in the declaration, even though the defendant recovered upon other counts. *Fowler* v. *Shearer*, 7 Mass. 14, 25. See also the note of the commissioners on the Revised Statutes.

To entitle the defendant to costs he must show, in the first place, that the counts were for " several and distinct causes of

action," and in the next place that he obtained a verdict upon one or more of the counts.

As this case comes before us on appeal, nothing is open which does not appear upon the record. *Carroll* v. *Daly*, 162 Mass. 427, and cases cited. If it be admitted that the fourth and fifth counts appear from the record to set forth several and distinct causes of action, which we do not decide, (see *Sayles* v. *Briggs*, 1 Met. 291, *Elder* v. *Bemis*, 2 Met. 599, and *Totman* v. *Carpenter*, 4 Cush. 148,) it does not appear that the defendant has obtained a verdict upon any of the counts. The court instructed the jury that the plaintiff was not entitled to recover on the fourth and fifth counts, and that there was no evidence sufficient to show that the plaintiff had suffered the injuries alleged in the first count for tearing down the plaintiff's fence. The jury returned a general verdict for the plaintiff, and, in answer to questions put to them by the court, stated that the defendant did not create and maintain the nuisance alleged by the plaintiff in the fourth and fifth counts. No verdict was, however, returned by the jury for the defendant on either of these counts, and the case went to judgment without anything further being done.

In *Soule* v. *Russell*, 13 Met. 436, it was said by Chief Justice Shaw, "It is only where there is a verdict by the jury, on one count for the plaintiff, and on another for the defendant, that costs for the defendant are to be taxed, under the Rev. Sts. c. 121, § 16." See also *Briggs* v. *Allen*, 4 Hill, 538; *Crosley* v. *Cobb*, 42 Hun, 166.

As the defendant has obtained no verdict, he does not bring his case within the statute; and the order must be,

*Judgment affirmed*