ANNIE E. JEWETT, administratrix, *vs.* BOSTON
ELEVATED RAILWAY COMPANY.

Suffolk.    October 22, 1915. — February 10, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Costs.

Under R. L. c. 203, § 10, which is in substance the same as Rev. Sts. c. 121, § 16, where a plaintiff has prevailed on certain counts in an action and not on others, he is not entitled to have taxed as costs expenses incurred for evidence on the counts on which the jury found for the defendant unless such evidence was used on the trial of the counts on which the plaintiff had a verdict, and the defendant is entitled to have taxed as costs certain expenses incurred for evidence procured for the trial of the counts upon which the verdict was in his favor, provided such evidence was not used on the trial of the counts upon which the plaintiff prevailed. Following in substance *Tatem* v. *Adams,* 2 Cush. 180.

PIERCE, J.  The defendant contends that under a true construction of R. L. c. 203, § 10, where several and distinct causes of action are joined in one suit and where a verdict is rendered for the plaintiff upon one or more counts and for the defendant upon any other or others, each party equally should be allowed the travel and attendance of witnesses necessary upon the count upon which he prevails, notwithstanding the fact that such witnesses are necessary also under other counts upon which the other party prevails.

Whatever formerly may have been the law governing the taxation of costs, the Legislature by Rev. Sts. c. 121, § 16, enacted that "When there are two or more counts in any case, on several and distinct causes of action, and a verdict shall be rendered for the plaintiff on one or more of them, and for the defendant on any other or others, each party shall recover his costs, paid for the travel and attendance of witnesses, and for depositions and other evidence, produced, examined or used on the trial of the counts, upon which the verdict is in his favor, and shall recover nothing for the like charges, incurred on the trial of the other counts."

This statute always has been strictly construed. *Sayles* v. *Briggs,* 1 Met. 291.  *Elder* v. *Bemis,* 2 Met. 599, 607.  *New Marlborough* v. *Brewer,* 170 Mass. 162.  Its effect is to deprive the de-

fendant of full costs allowed to the prevailing party under the St. of 1784, c. 28, § 9, and in place thereof to allow to the defendant certain expenses for procuring evidence to be produced, examined or used in the trial of the counts upon which the verdict was in his favor, provided such evidence was not used on the trial of the counts upon which the plaintiff prevailed. *Smith* v. *Wenz,* 187 Mass. 421, 425. Its sole effect upon the plaintiff as the party prevailing in the action is to deprive him of the right to tax as costs certain expenses for procuring evidence upon the count or counts upon which the defendant has a verdict unless such evidence was procured, examined and used upon the trial of the counts upon which the plaintiff had a verdict. In substance this was the construction placed upon the statute in *Tatem* v. *Adams,* 2 Cush. 180. That decision never has been judicially questioned, and the statute, now R. L. c. 203, § 10, has been retained and reenacted. The construction of the statute no longer is open to question. *Commonwealth* v. *Hartnett,* 3 Gray, 450. *Shelton* v. *Sears,* 187 Mass. 455, 459. *Foster* v. *Curtis,* 213 Mass. 79, 85.

We are of opinion that the ruling of the presiding judge * as to the defendant's right to tax was correct.

*Taxation of costs affirmed.*

The case was submitted on briefs.

*F. Ranney & T. Allen, Jr.,* for the defendant.

*J. E. Cotter & J. P. Fagan,* for the plaintiff.

---

* The presiding judge was *Morton,* J. His ruling was as follows: "The items of cost allowed by the clerk to the plaintiff for 'Briefs S. J. C., 25.00'; 'Copies S. J. C., 66.75'; and 'Entry S. J. C., 3.00' were specially applicable to the count on which the defendant prevailed, and in my opinion should not be allowed. The other items of cost were not in my opinion specially applicable to the count on which the defendant prevailed and are properly allowable. The taxation of costs should be amended by striking out said items and when so amended are allowed." From the taxation of costs in accordance with this ruling the defendant appealed.