Bolster, C. J.
This report raises the question whether the plaintiff, who lost, is liable in costs for travel and attendance, either or both, of a certifying witness, James A. Vitelli, who had filed an answer for the defendant, was sole counsel of record for the defendant, participated at the trial as counsel, and then testified as a witness for the defendant. The docket shows that the ease was in order for trial on February 3, 4 and 7, 1938, and was tried and reserved for decision on February 7. The certificate is for three days’ attendance and two days’ travel, 520 miles.
The only case in this jurisdiction touching this is Parks v. Brewer, 14 Pick. 192. That case held that if an attorney comes to court solely as a witness, he stands like other witnesses in regard to costs, but that if he attends court on pro *219 fessional business, and also on a witness subpoena, he is entitled to a day’s pay for attendance; or if after completing his own business, he is detained as a witness, he is entitled to attendance for the time he attends solely as a witness. The report of that case does not show whether the “professional business” which brought that attorney to court was or was not related to the case in which he testified. If it was not, that case is stronger against the defendant.
We are of opinion that Mr. Vitelli’s presence here on February 3 and 4 and his travel and attendance on February 7 must be ascribed to his duty to be here as counsel; that not until he temporarily dropped that capacity for that of a-witness could the defendant claim fees for his attendance, or become liable to him for travel and attendance other than as counsel, cf. Miller v. Lyon, 6 Allen 514, Barber v. Parsons, 145 Mass. 203.
It should be remembered that an attorney’s fee is included in the taxable costs.
Costs for witness travel and attendance reduced to $1.50.