Rollins, J.
This is an action of tort to recover the penalty and costs provided in General Laws Chapter 262, section 62. The pertinent parts of that statute are as follows:
“Whoever, with intent to defraud, signs ... a certificate of attendance or travel as a witness before a Court, ... in any case in which the witness did not so attend . . . upon which certificate the attendance ... so claimed is allowed as a part of the expenses of prosecution, shall forfeit thirty dollars for each offense, to be recovered ... by action of tort to the use of any person against whom such excessive costs were taxed, with four times the whole amount taxed for attendance or travel on such false certificate, and double costs in the action of tort.”
The evidence tends to disclose the following facts:
Prior to the beginning of this action another suit, namely, Clarence Gilligan, et als. vs. Vernon Stromvall, (Docket No. 686 of 1946) had been brought in the same Court. In *116 the prior action the defendant in the instant case, was the attorney of record of the defendant.
In that prior case the defendant prevailed and a certificate of witnesses was filed on the usual blank form provided by the Court. The certificate was all in typewriting with the exception of the signature of the defendant.
This certificate of witnesses was filed, was accepted by the Clerk of the Court and the items thereof included in an execution for costs subsequently issued.
Only a single violation of the quoted statute is alleged by the plaintiffs. They assert that the defendant, in the witness certificate signed by him, certified, as of his own knowledge, that one, Grilday, attended Court one day as a witness, when in fact he did not, and the defendant knew, of his own knowledge, that he did not.
It is therefore necessary, at the very outset to determine whether or not Grilday attended Court as a witness within the meaning of the statute.
The evidence presented on this point tended to show the following facts:
The alleged witness, Walter H. Grilday, was, and is, the Register of Probate for the County of Plymouth. The only Registry of Probate for that -County is located in the town of Plymouth. All the records, papers and books are kept there. For the convenience of the members of the bar practicing in the City of Brockton, the Register maintains an “office” in the same court building in the City of Brock-ton that houses the District Court of Brockton.
No records, books or papers are kept in this “office” but the Register keeps one clerk in attendance there and probate papers may be filed with this clerk.
Before the first day of the trial of the prior suit, G-ilday discussed with the defendant his knowledge of the evidence *117 connected with that case. He told the defendant he did not wish to become involved, but would hold himself available in his office in the Court House (in Brockton) on the day of the hearing, and the defendant promised to call him only if he were needed. He did not attend the hearings nor testify, but was available in the Court House to be called by the defendant as a witness in accordance with his promise.
In our opinion Grilday did attend Court as a witness.
In order to ‘ ‘ attend Court as a witness ” it is not necessary that a person be summoned, Farmer v. Storer, 11 Pick., 241, Barber v. Parsons, 145 Mass. 203, 204, that he testify, Farm,er v. Storer, supra at page 242 or even, in our opinion, that he enter the room where the trial is in progress. It is sufficient that if, in response to a request to attend and hold himself in readiness to testify, he goes to the Court building where the trial is to be held and there stays so that he can be immediately used as a witness if desired. He can remain in the corridors of the Court House, in a room reserved for witnesses or in any place in the building where he can be readily found, either because his whereabouts have been arranged and agreed upon in advance or because he is in such a place that if sought he will be easily and readily found. Applying these tests to Grilday-we find “he told the defendant that ... he would hold himself available in his offices in the Court House on the day of the hearing ...” and he “was available in the Court House to be called by the defendant as a witness in accordance with his promise”.
We believe that the evidence shows that Grilday went to, and remained in, his “office” in the 'Court House while the “prior action” was on trial not because his duties as Register of Probate required his presence there but to hold himself available as a witness in accordance with his promise.
At the close of the trial the plaintiff filed seven requests for rulings. The Court found for the defendant, allowed *118 plaintiff’s request for rulings numbered 1 to 5 inclusive, denied the others and made the following findings of fact (which he set forth in a “memorandum”).
“I find the defendant did not defraud anyone and that he did not intend to defraud anyone. ’ ’
The plaintiff claiming to be aggrieved by the action of the Court in refusing to rule as requested, by the finding for the defendant, by the rulings of law expressed in the “memorandum” and by the alleged failure of the Court to apply plaintiff’s requests numbered 1 to 5 which were granted, the case is reported to this Appellate Division for determination.
In view of the fact that the entire case of the plaintiff rests upon his allegation that Grilday did not attend Court as a witness, and since we find he did so attend within the meaning of the statute, the finding of the trial judge for the defendant was justified. It was the only one he could properly make.
It accordingly becomes unnecessary to consider the plaintiff’s requests for rulings or the action of the trial judge thereon.
There was no prejudicial error and the Order must be Report dismissed.
Justice Rowe took no part in this decision.