BENJAMIN F. WHIPPLE *vs*. PHILEMON F. ROBBINS & another.

Payment of an execution issued upon a judgment in an action in another state charging a trustee in foreign attachment, is no bar to an action previously commenced against him in this state by the principal defendant, and in which he had appeared, if the judgment in the other state charging him as trustee was obtained upon his wilful default.

CONTRACT on an account annexed for work done by the plaintiff. The plaintiff resided at Huntington in Massachusetts ; the defendants at Hartford in Connecticut. The defendants declared in set-off upon a promissory note dated July 3, 1855, made by the plaintiff, at Huntington, for three hundred and fifty dollars, payable three months from date, at the Agawam Bank, in Springfield, to the order of A. Copeland, and indorsed in blank by Copeland.

At the trial in the superior court it was agreed that the defendants authorized an attorney to appear for them, and sent to him from Hartford the note, to be declared on in set-off to the plaintiff's claim ; that after the declaration in set-off had been filed the note was returned to the defendants, by their order, and they thereupon transferred it to William F. Barker, who commenced a suit upon it against the plaintiff in Connecticut and summoned the defendants as trustees of the plaintiff and upon default recovered judgment ; and that the defendants in this case were defaulted as trustees in that. The plaintiff did not appear personally or by attorney in the action brought against him by Barker, and had no legal notice of it. An execution was issued upon the judgment therein against the defendants as trustees, and they paid over to Barker upon it the funds in their hands belonging to the plaintiff.

No other defence than such as these facts may constitute was made by the defendants to the plaintiff's claim on the account annexed ; and as to the defendants' claim in set-off, it was agreed that the note was, by the laws of this state, barred by the statute of limitations at the time of bringing this action.

On these agreed facts judgment was entered for the plaintiff, and the defendants appealed to this court.

*J M. Stebbins,* for the plaintiff.

*A. M. Copeland,* for the defendants.

FOSTER, J. The trustee process in Connecticut under which the defendant has made the payment of which he now seeks to avail himself in defence, was instituted during the pendency of the present action. Both in this commonwealth and in Connecticut an attachment by trustee process may be made notwithstanding an action is pending in favor of the debtor against the trustee to recover the same debt. Gen. Sts. *c.* 142, §§ 18, 19, 20. *Gager* v. *Watson,* 11 Conn. 168. But this rule applies only when both suits are within the same jurisdiction.

In *Embree* v. *Hanna,* 5 Johns. 100, an action was commenced in Maryland, and the trustee there, being subsequently arrested in New York by his creditor, the defendant in the prior suit, was allowed to plead in defence the pending Maryland attachment. Chief Justice Kent said : " If the defendant would have been protected under a recovery had by virtue of the attachment, and could have pleaded such recovery in bar, the same principle will support a plea in abatement of an attachment pending and commenced prior to the present suit. The attachment of the debt in the hands of the defendant fixed it there in favor of the attaching creditors ; the defendant could not afterwards lawfully pay it over to the plaintiff. The attaching creditors acquired a lien upon the debt binding upon the defendant, and which the courts of all other governments, if they recognize such proceedings at all, cannot fail to regard. *Qui prior est tempore potior est jure.*" " If we were to disallow a plea in abatement of the pending attachment, the defendant would be left without protection and be obliged to pay the money twice ; for we may reasonably presume that if the priority of the attachment in Maryland be ascertained, the courts in that state would not suffer that proceeding to be defeated by the subsequent act of the defendant, going abroad and subjecting himself to a suit and recovery here. The present case affords a fair opportunity for the settlement and application of a general rule on the subject."

In *Wallace* v *McConnell,* 13 Pet. 136, an action was com

menced in the district court of the United States for Alabama, and by a subsequent trustee process in one of the state courts of Alabama the defendant was summoned as the garnishee of the plaintiff; whereupon the pending proceedings of trustee process were pleaded *puis darrein continuance* in the United States court, and a demurrer to this plea was sustained by the unanimous judgment of the supreme court of the United States. " The jurisdiction of the district court of the United States," it is said in the opinion, " and the right of the plaintiff to prosecute his suit in that court, having attached, that right could not be arrested or taken away by any proceedings in another court. This would produce a collision in the jurisdiction of courts that would extremely embarrass the administration of justice. If the attachment had been conducted to a conclusion and the money recovered of the defendant before the commencement of the present suit, there can be no doubt that it might have been set up as a payment upon the note in question." " If this doctrine be well founded, the priority of suit will determine the right. The rule must be reciprocal, and where the suit in one court is commenced prior to the institution of proceedings under attachment in another court, such proceedings cannot arrest the suit." " This is essential to the protection of the rights of the garnishee, and will avoid all collisions in the proceedings of different courts, having the same subject matter before them."

It is an invariable rule that a trustee is never, by the service of process upon him, to be placed in a worse position than if he were liable only to the principal defendant, and that the plaintiff acquires no greater rights than the defendant himself possesses against the trustee.	Drake on Attachment, § 458.

From these principles it follows that if the prior institution and pendency of the present action had been disclosed to the court in Connecticut, the trustee process ought to have been defeated.	We must presume that the tribunals of that state would have recognized the rule that their subsequent trustee process could not be pleaded *puis darrein continuance*, or otherwise made available, here, to arrest or take away the plaintiff's

right to prosecute the present action; and consequently that they would not have subjected the trustee to a double liability against which he could in no way protect himself, if by their judgment charged as trustee.

In short, we are bound to believe, that court would have adopted the rule of *Wallace* v. *McConnell*, that the subsequent trustee process is no answer to the prior action in another jurisdiction, and the necessary corollary from it that a prior action commenced in one state must be a bar to a subsequent process in another to charge the defendant as the trustee of the plaintiff in the prior action.

But the trustee did not make any disclosure of the pendency of the present suit. He withheld from the court in Connecticut this fact essential to a fair adjudication. He allowed himself to be defaulted, and his payment under such circumstances must be regarded as voluntary, if not collusive; and therefore no protection against the present action. *Wilkinson* v. *Hall,* 6 Gray, 568.

What effect we should have given to the payment under the Connecticut judgment if the trustee had been compelled to pay there, notwithstanding a full disclosure of the facts, because the courts of that state had disregarded the pendency of this action and refused to adopt the principles which we regard as settled by *Wallace* v. *McConnell*, is a question we need not prematurely consider. *Meriam* v. *Rundlett,* 13 Pick. 511.

In the present case the plaintiff is entitled to judgment on the agreed facts.