AMERICAN BANK *vs.* ELBRIDGE F. ROLLINS & trustee.

A party summoned as trustee in a process of foreign attachment in this Commonwealth is not chargeable on account of his possession, at the time he receives service of the writ, of funds for which an action by the principal defendant is then pending against him in another state, in which he has entered his appearance.

TRUSTEE PROCESS. Elbridge F. Rollins, the principal defendant, was defaulted. The Equitable Safety Insurance Company, summoned as trustee, disclosed, in answers to the plaintiff's interrogatories, that in 1860 it made a policy of marine insurance upon the interest of Rollins in the ship Forest Oak, upon which policy a loss was claimed and an action brought by Rollins in the state of Maine, in which the insurers appeared by attorney and which was removed to the circuit court of the United States for the district of Maine, where it was pending on August 24, 1865, when the writ in this action was served on the company; and that on April 30, 1867, Rollins recovered judgment against the company for upwards of $4500, and prior to October 1867 commenced an action on that judgment in the circuit court of the United States for the district of Massachusetts.

Nathan W. Bridge and others appeared as claimants of the credits of Rollins thus disclosed; the superior court ruled that the company was chargeable as trustee, from which ruling the

company and the claimants appealed; and on the trial of the issue between the plaintiff and the claimants a verdict was returned in favor of the latter and the plaintiff alleged exceptions which now are immaterial.

J. C. *Dodge*, for the trustee.

R. D. *Smith*, for the claimants.

S. *Wells*, Jr., for the plaintiff.

FOSTER, J. This cause depends upon the principles deter mined in *Whipple* v. *Robbins*, 97 Mass. 107. The insurance company was summoned as trustee in the present action in August 1865; and an action was then pending against the com pany, in favor of the present defendant, in the state of Maine. The pendency of this prior suit is relied upon by the corporation as a reason why it should not be charged as trustee in this Commonwealth.

A trustee process pending in one state has been held a good defence to a subsequent action brought in another jurisdiction by the defendant in the first suit against his debtor, the trustee. This is *Embree* v. *Hanna*, 5 Johns. 100. A subsequent trustee process in one state is not pleadable *puis darrein continuance* to defeat an action previously commenced against the trustee by his creditor in another state. *Wallace* v. *McConnell*, 13 Pet. 136. Payment by one charged as trustee on a judgment recovered in one state, when an action was previously pending in another in favor of the defendant in the trustee process against the trustee, cannot be made available as a defence to the action first instituted. This is *Whipple* v. *Robbins*.

These adjudications are different applications of the same principle. A trustee process is in the nature of a proceeding *in rem*. It is a sequestration of the debt due from the trustee, in order that it may be devoted to the payment of one to whom the trustee's creditor is himself indebted. After its commencement, the trustee is not subject to an action by his creditor. The only exception is, where both suits are within the same jurisdiction and under a system of procedure which regulates both, so as to afford the trustee complete protection against a double liability. If the trustee process is prior in time, it is a

defence to a subsequent action against the trustee in another state. The doctrine constitutes an important exception to the ordinary rule that *lis pendens* in a foreign court is not a good plea. It is essential to justice, and to the protection of the party summoned as trustee, who might otherwise be harassed and imperilled without any fault of his own.

The trustee process in our own courts must therefore yield to the prior action in Maine, and the trustee is discharged. This result disposes also of the controversy between the plaintiff and the claimants of the funds in the hands of the supposed trustee; and the plaintiff's exceptions upon that issue need not be examined, but are immaterial and for that reason must be overruled.