JOSEPH M. KELLOGG *vs.* HELEN WAITE & trustee.

On an appeal improperly taken by the defendant from a judgment of the superior court charging a trustee in foreign attachment, the trustee is not entitled to costs.

APPEAL from the taxation of costs in a trustee process brought originally before a trial justice, by whom judgment was ordered for the discharge of the trustee on his answer; from which the plaintiff appealed to the superior court, where judgment was ordered charging the trustee; from which the defendant appealed to this court, where the latter judgment was affirmed, as reported 12 Allen, 529. In taxing the costs of the trustee, the clerk of the superior court disallowed all items claimed by him as accru-

ing after the latter appeal; the superior court affirmed the disallowance; and the trustee appealed to this court.

*S. T. Spaulding*, for the plaintiff.

*C. Delano*, for the trustee.

FOSTER, J. By the provisions of the Gen. Sts. *c.* 142, §§ 60–74, a trustee is entitled to costs of travel and term fees at every term until he is charged or discharged. Where a claimant to the fund in the hands of the alleged trustee intervenes, there can be no determination as to the liability of the trustee until such claim has been finally disposed of. *Croxford* v. *Massachusetts Cotton Mills*, 15 Gray, 72. *Morrison* v. *McDermott*, 6 Allen, 122. Where the question of the trustee's liability is made the subject of an appeal, this rule continues applicable until the appeal is determined. *Holbrook* v. *Waters*, 19 Pick. 356. An exception obtains, where a trustee, having been charged in one court, appeals to another, and is there also charged. In such a case he is not allowed costs after the date of the judgment from which he has appealed. *Ball* v. *Gilbert*, 12 Met. 405. Also, where an issue of fact is tried between the plaintiff and alleged trustee, costs may be awarded to either party in the discretion of the court. § 60. The defendant in a trustee process has no legal interest in the question whether the trustee shall be charged or discharged. It does not bind him in any subsequent suit as an adjudication either of the fact or the amount of the indebtedness of the trustee to him. Nor is the pendency of the trustee process any defence to a suit by the defendant therein against the trustee. *Winthrop* v. *Carlton*, 8 Mass. 456.

As soon as a trustee is discharged, he may have execution for his costs. As soon as he is charged, his further attendance upon court is unnecessary, and he is entitled to no subsequent costs. The statute does not expressly provide for what length of time he may receive travel and term fees; but the limit fixed by the court is, until a judgment charging or discharging him. It is true that the case may subsequently proceed between plaintiff and defendant, and until it terminates the trustee who is charged cannot know whether he is to have execution against the plaintiff or to retain the amount of costs out of the funds in his

hands. He may also need to take notice if the trustee process ends in a judgment in the defendant's favor; as in that event his liability as a debtor to pay his debt is no longer suspended. But practically further attendance upon court for these purposes is not sufficiently necessary to make it right, in the absence of an express statute, to give costs after the trustee has been charged.

These rules have long been settled by usage, and the taxation of costs appealed from is in conformity with them.

In the present case, the plaintiff appealed from the judgment of the magistrate discharging the trustee. This carried the whole case into the superior court, left the question of the trustee's liability undetermined, and made it his duty to attend in the superior court until he was there charged. From the judgment of the superior court charging the trustee, the defendant appealed. This he had no right to do. The proceeding was wholly irregular, and if the attention of the court had been drawn to the fact that the defendant claimed the appeal, it would have been dismissed. But no such point was suggested; and the papers furnished to the court did not show by whom the appeal was taken. We think the trustee ought not to recover costs of this improvident proceeding. He had no occasion to follow the case into this court. The judgment of the superior court charging him was not vacated by the irregular appeal; ·and remained a sufficient protection to him, if he were called upon to pay the money in his hands on an execution against the defendant. If the trustee followed the case into this court in order to reverse the judgment by which he was charged, then he is entitled to no further costs, as he did not succeed in this attempt. *Ball* v. *Gilbert,* 12 Met. 405.

*Taxation of costs affirmed.*