THOMAS T. MERRILL, administrator, *vs.* NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY.

A resident of another state, having insured his life with an insurance company chartered here, by a policy payable to himself, his representatives or assigns, and conditioned to be void if assigned without consent of the insurers, delivered it to a creditor here residing, as a pledge for the debt, and died, leaving the debt unpaid. An administrator of his estate was appointed in the state of his residence; and afterwards the creditor was appointed ancillary administrator here. The principal administrator then sued the insurers on the policy in the place of the domicil of the assured, and their agent duly accepted service of the summons in the suit, and of an injunction not to pay the policy to the creditor, under a statute requiring such acceptance of service. The creditor, as ancillary administrator, afterwards brought a suit on the policy against the insurers here, in which they admitted their liability and willingness to pay the policy to the person entitled. *Held,* that the pendency of the first suit was no bar to the maintenance of the second suit; the right of the plaintiff in the second suit, inasmuch as he represented the equitable interest and right of immediate possession and control of the pledgee as well as the legal capacity to sue, being superior to that of the principal administrator.

CONTRACT by the plaintiff as administrator of the estate of Howard M. Merrill, on a policy of insurance issued by the defendants upon the life of his intestate. Writ dated February 20, 1869. The answer admitted the liability and willingness of the defendants to pay the amount of the policy to the person properly entitled thereto, but alleged that the plaintiff's appointment as administrator was void, and that the defendants had been sued on the policy in Illinois; as appears more fully in the agreed facts upon which the case was submitted to the determination of the superior court, and, on appeal, of this court, and the material parts of which were as follows :

The defendants, a corporation under the laws of this Commonwealth, and having their principal place of business in Boston, issued a policy, dated August 20, 1866, for $2500 on the life of Howard M. Merrill, who was a resident of Chicago in the state of Illinois, payable to him, his executors, administrators or assigns, sixty days after due notice and proof of his death, and containing a condition that " if this policy or any interest therein shall be assigned without the written consent of said company, then this policy shall be null and void," and no express provision as to the place of payment. This policy was taken out by the assured, under an agreement with the plaintiff, (who was his uncle and

resided in this Commonwealth,) that it should be sent to him to be held as security for a promissory note of the assured, to be given for a loan of $700 to be made to the assured by the plaintiff. This agreement was a consideration and a condition precedent for the loan. The loan was made; and the note and policy were sent to the plaintiff. The note was never paid; and the note and policy have always remained in the plaintiff's hands. In a letter, inclosed in which the assured sent the policy to the plaintiff, he wrote, " It is payable to my heirs at my death, and so, in the event of my decease, all you have to do is to turn the policy over to my parents for collection, and present to them the note." After sending the policy to the plaintiff, the assured wrote to his parents, that he had his life insured; that the policy was in the hands of the plaintiff; and that they as his heirs could " draw the money and pay " the note for $700, " which would leave you $1800."

In October 1868 the assured died at Chicago, and on December 23, 1868, Charles B. Daggett of Chicago was appointed administrator of his estate, by the court of the state of Illinois having jurisdiction in the premises, and demanded payment of the policy in question from the defendants, which they refused. On January 18, 1869, the plaintiff was appointed administrator of the estate of the assured, by the probate court for this county, " and has been duly and completely qualified and entitled to administer upon said estate; " and the parents of the assured made demand on the defendants, and on the plaintiff as administrator, for the sum of $1800 or such part as should remain after satisfying the note for $700 above mentioned.

On February 2, 1869, Daggett filed a bill in equity in the superior court of Chicago against the defendants, to recover the amount of said policy; and said court issued a summons to the defendants to appear, and an injunction commanding them not to pay over the amount of said policy to the plaintiff in this action; and service of said summons and injunction were, on February 4, 1869, accepted by the general agent of the defendants for Illinois, duly authorized by them, and required by the statutes of that state, to accept service on their behalf. This

suit in equity was removed, upon the petition of the defendants, into the circuit court of the United States for the northern district of Illinois, and was still there pending.

" The sole ground of defence in this case, as claimed by the defendants, is, that the defendant corporation is not liable under the circumstances to pay the plaintiff, but claims that said defendant corporation is liable to pay the administrator in Illinois."

*A. R. Brown & E. A. Alger*, for the plaintiff.

*D. Foster & G. W. Baldwin*, for the defendants. The administrator appointed in Illinois can maintain an action on the policy against the defendants. *Lafayette Insurance Co.* v. *French*, 18 How. 404. *Shultz* v. *Pulver*, 3 Paige, 182; *S. C.* 11 Wend. 361. *Whyte* v. *Rose*, 3 Q. B. 493. Story Confl. Laws, § 515. This is not a mere question of *lis pendens*; for, whenever an administrator recovers judgment, the debt vests in him personally. *Talmage* v. *Chapel*, 16 Mass. 71. The prior action by either administrator is a bar to any subsequent process by the other. The exact point may not have been decided; but many cases are entirely indistinguishable from this in principle. *Whipple* v. *Robbins*, 97 Mass. 107. *Slocum* v. *Mayberry*, 2 Wheat. 1, 9. *Harris* v. *Dennie*, 3 Pet. 292. *Hagan* v. *Lucas*, 10 Pet. 400. *Peck* v. *Jenness*, 7 How. 612, 624. *Williams* v. *Benedict*, 8 How. 107. *Wiswall* v. *Sampson*, 14 How. 52. *Pulliam* v. *Osborne*, 17 How. 471. *Freeman* v. *Howe*, 24 How. 450. *Buck* v. *Colbath*, 3 Wallace, 334. *Orcutt* v. *Orms*, 3 Paige, 459. It is no part of the duty of an ancillary administrator to enforce a pledge or lien. This pledgee must resort to the courts of Illinois, because the fund on which he claims a lien has been brought within the grasp of their jurisdiction. There can be no valid lien on the policy, because, by its terms, it was to be void if assigned without the consent of the company, and the company had no notice of this assignment. *Stevens* v. *Warren*, 101 Mass. 564. The assignment was only an order on a part of the fund. *Palmer* v. *Merrill*, 6 Cush. 282. *Dana* v. *Third National Bank*, 13 Allen, 445.

WELLS, J. There can be no doubt that the appointment of the administrator in Massachusetts was legal and proper. A

debt due to the intestate from any party having a domicil in this state, or any demand or right, requiring legal authority for its enforcement, is sufficient to give jurisdiction for such an appointment. Gen. Sts. *c.* 117, § 2. *Pinney* v. *McGregory,* 102 Mass. 186. *Picquet, appellant,* 5 Pick. 65. *Emery* v. *Hildreth,* 2 Gray, 228. Such administration is auxiliary only; when the domicil of the intestate was elsewhere at the time of his decease, if there is an administrator at the place of domicil. It extends to all assets found within the state; and, within the jurisdiction where granted, it is exclusive of all other authority. The administrator appointed at the place of domicil of the deceased is the principal administrator; and personal securities, in the possession and control of the intestate at the time of his decease, vest in him. He can do no legal act for their collection in another jurisdiction, without an ancillary appointment there. And, if another has already been appointed auxiliary administrator, the collection can be made, within that jurisdiction, only through him. But the principal administrator may always dispose of or collect such securities, if he can do so without being obliged to resort to the domicil of the debtor. *Hutchins* v. *State Bank,* 12 Met. 421. Having possession of, and a legal title to, the instrument, or evidence of the demand, and finding the debtor or his property within the jurisdiction of his appointment, he may enforce it there, without the necessity of any resort to the foreign jurisdiction. The debtor is equally responsible in either, if means of enforcing payment can be reached.

The appointment by the insurance company of a general agent, with authority to accept, in behalf of the principal, service of legal process in Illinois, subjects the defendant to the suit brought by the principal administrator in the courts of that state. *Gillespie* v. *Commercial Insurance Co.* 12 Gray, 201. As that suit was first brought, and apparently embraces the whole cause of action, so that a judgment therein would merge all liabilities of the defendant upon the policy, we should be inclined to hold that it was exclusive of any other remedy, so that no action could be prosecuted in any other court upon the same contract at the same time, if the administrator in Illinois

had then had the legal title and possession of the policy, or the absolute right of possession. *Whipple* v. *Robbins*, 97 Mass. 107. *Newell* v. *Newton*, 10 Pick. 470. *Wallace* v. *Mc Connell*, 13 Pet. 136. *Embree* v. *Hanna*, 5 Johns. 101. *American Bank* v. *Rollins*, 99 Mass. 313.

It is said by Mr. Justice Dewey in *Colt* v. *Partridge*, 7 Met. 574, that "whether a plea in abatement that another action between the same parties, and for the same cause, is pending in another state, is good, has not been decided here." It is also said by Mr. Justice Foster in *American Bank* v. *Rollins*, that the doctrine of that case and of *Wallace* v. *McConnell*, *Embree* v. *Hanna*, and *Whipple* v. *Robbins*, "constitutes an important exception to the ordinary rule that *lis pendens* in a foreign court is not a good plea."

The present case does not depend upon the ordinary rule in regard to *lis pendens;* nor is it within the exception to that rule, if the decisions, above referred to, do constitute an exception. The administrator in Illinois and the administrator in Massachusetts are not the same party. They are not even in privity with each other. *Low* v. *Bartlett*, 8 Allen, 259. *Ela* v. *Edwards*, 13 Allen, 48. The authority and right of each is independent and exclusive within the jurisdiction of his own appointment. If, therefore, the policy had been in the legal custody and control of the principal administrator, the institution of proceedings for the collection of its proceeds by him, in the courts of Illinois, and jurisdiction of the defendant or its property obtained thereon, would have been such an appropriation of the claim as a part of the assets of the estate subject to administration there, as would have excluded the ancillary administration from any authority over it.

But, upon the facts stated, we are satisfied that the intestate had parted with the possession of the policy, upon a valuable and legal consideration, in his lifetime; so that, at his decease, he had no right of possession, and none passed to his administrator, except subject to such rights as had been conferred by the pledge and delivery of the policy by the intestate to his uncle Thomas T. Merrill. The agreed statement shows a distinct and

unequivocal pledge of the policy to secure the intestate's note for seven hundred dollars, given for money lent to him by Thomas T. Merrill upon the assurance and condition that it should be so secured. The policy was delivered in pursuance of that agreement, and remained in the possession of Thomas T. Merrill until he was appointed administrator. This was sufficient to constitute a good pledge of the instrument, giving to the pledgee an equitable interest in the proceeds of it. Angell on Insurance, §§ 327–340. *Palmer* v. *Merrill*, 6 Cush. 282. *Dunn* v. *Snell*, 15 Mass. 481. *Currier* v. *Howard*, 14 Gray, 511.

In that state of facts, if the principal administrator had himself received the ancillary appointment in Massachusetts, he could not have reclaimed the policy from the hands of Thomas T. Merrill without payment of the note in redemption of the pledge. It is unnecessary to consider now, whether, beyond this, the claim of the parents of the intestate would be protected against the general interests of the estate. It is sufficient that there was a right of possession in Thomas T. Merrill, superior to that of the intestate or his administrator, and which he might pass over to the administrator in Massachusetts upon such terms as he saw fit, consistent with his limited rights. His interest in the policy is not a mere order for a part of the proceeds, but extends to the whole policy alike. With his concurrence the auxiliary administrator may maintain a suit and collect the proceeds of the policy. Without it neither he nor the principal administrator could control the possession or collect the proceeds. The pledge makes it no longer a question of jurisdiction, as affected by priority of suit, comity between the states, or otherwise; but one merely of the right of the respective parties claiming an interest in the policy. The right of the plaintiff in this suit is superior to that of the principal administrator in Illinois, because he represents the equitable interest and right of immediate possession and control of the pledgee, as well as the legal capacity to sue, which remains in the representatives of the estate of Howard M. Merrill. That legal right to sue is held by the administrators of Howard M. Merrill, wherever appointed, in trust for the benefit of the equitable assignee of the claim. The

assignee is entitled to control any suit brought for its recovery. His right would be protected by the courts against any attempt of the administrators to collect or release the demand in disregard of his interests. *Jones* v. *Witter*, 13 Mass. 304. *Eastman* v. *Wright*, 6 Pick. 316. *Grover* v. *Grover*, 24 Pick. 261. *Rockwood* v. *Brown*, 1 Gray, 261. *Bates* v. *Kempton*, 7 Gray, 382. Upon the same principle, it would be equally protected against prejudice from any attempt to anticipate him by means of a suit instituted by such administrator in his own behalf and without recognition of the rights of the assignee. Within the same jurisdiction, the respective rights of the assignor and assignee may be readily adjusted, and suits controlled. The difficulty arises from the existence of suits in separate and independent jurisdictions. There is a class of decisions, referred to by the defendant, particularly affecting questions of jurisdiction between the federal and state courts, to the effect that a subject matter once brought within the jurisdiction of a court of general jurisdiction, whether by suit *in personam* or proceeding *in rem*, or even by process of attachment, is in the custody of that court, and cannot be withdrawn or controlled by any process or proceeding of any other court. But that doctrine is explained and narrowly limited by Mr. Justice Miller in *Buck* v. *Colbath*, 3 Wallace, 334. It does not apply to this case, for reasons already indicated; because the policy, having been pledged and delivered to another in the lifetime of the intestate, was never in the legal possession of his administrator in Illinois, and therefore was never properly brought within the jurisdiction of the courts in that state, either as assets subject to administration, or as a cause of action which the administrator there could maintain. He could not, by commencing a suit there, transfer to those courts the determination of the rights of the pledgee, so as to compel him to seek them by intervening in such suit. The pledgee had an independent title, accompanied by possession of the policy; and by bill in equity in his own name, or by suit in the name of the administrator, in Massachusetts, could enforce his claim. Neither the administrator in Massachusetts nor the administrator in Illinois would be allowed to defeat the prosecu-

tion of such a suit. Against either administrator, seeking to collect the amount of the policy by other proceedings or means, the insurance company have a sufficient defence. That defence stands not merely upon the jurisdiction and judgment of the court, but equally well upon the title of the pledgee, yielded to by the insurance company without suit.

We have thus far considered the question, purposely, without regard to the condition in the contract which renders it void in case " the policy or any interest therein shall be assigned without the written consent of said company." We do not see how this condition can affect the question of jurisdiction for the enforcement of the contract; or the relative rights of the several parties claiming to control the possession of the policy and its proceeds. The condition does not prevent the transfer or pledge of the policy. It reserves to the company the right to give or to refuse its consent to such transfer ; and, if made without its consent, to avoid its contract altogether. The effect of the condition is, to defeat the policy ; not to defeat the transfer. It is because the transfer takes effect, that the policy becomes void, or voidable. By the contract of pledge, and delivery of the policy, the pledgee acquired an interest therein, which he is entitled to maintain against the assured and his legal representatives. He might have made that interest perfect against the insurance company also, by obtaining its consent to the pledge. The assured not having required the pledgee to obtain that consent as a condition of the transfer, his representatives cannot set it up as a breach of obligation which will defeat the pledge. It was no more the duty or for the interest of the pledgee, than of the pledgor, to obtain such consent. The assured therefore could only defeat the interests of the pledgee, by defeating the policy altogether. His obligations as pledgor forbid him to do this. Story on Bailments, § 354. *Eaton* v. *Mellus,* 7 Gray, 566. Besides, the condition in the policy is one to be availed of at the election of the insurance company, and not at the election of any other party to the contract. The company may waive the con dition, if it sees fit to do so. This we think has been done in the most formal and effectual manner possible, by omitting to set it

up in the pleadings, and by submitting this case to the determination of the court upon an agreed statement, in which the facts of the transfer are fully disclosed, but not relied on at all to defeat the policy. On the contrary, it is expressly agreed that " the sole ground of defence in this case, as claimed by the defendant, is, that the defendant corporation is not liable under the circumstances to pay the plaintiff, but claims that said defendant corporation is liable to pay the administrator in Illinois." We understand from the argument, and the whole conduct of the defence, that there is no purpose or desire to defeat the policy or to avoid payment of the amount of the insurance, but only to protect the corporation from being made twice liable by means of the conflicting claims in the two jurisdictions. This course is certainly creditable to the defendant, and ought not to expose the corporation to the risk of a double loss. If the facts disclosed here are properly pleaded and proved in the courts of Illinois, or those of the United States to which the suit in Illinois has been removed, we cannot think that the defendant is in danger of being again held liable there.

Upon the agreed statement, being satisfied that the plaintiff, as administrator of the intestate's estate in Massachusetts, and representing also the equitable interest and possessory right of the pledgee of the policy, is entitled to its control and collection, in preference to the principal administrator in Illinois, we feel bound to render judgment accordingly for the amount due from the defendant by the terms of the policy.

*Judgment for the plaintiff.*