THOMAS R. GARITY *vs.* JOHN H. GIGIE & trustee.

Suffolk. Nov. 13, 1880.— Jan. 6, 1881. LORD & SOULE, JJ., absent.

When it is necessary to determine the exact time of an attachment, the hour at
which it was made, if not stated in the officer's return, may be proved by other
evidence.

If a person is summoned as trustee in another State, and later in the same day
is summoned as trustee of the same person in another action in this Common-
wealth, and the court in the other State assumes jurisdiction of the fund
attached, and, after a full disclosure by the trustee of the facts relating to the
suit pending and the service made in this Commonwealth, renders judgment
and execution against him, upon which he pays over the fund, such payment
is a bar to his being charged anew in this Commonwealth.

TRUSTEE PROCESS. Israel T. Hunt, summoned as trustee of
the principal defendant, answered that, at the time of the ser-
vice of the writ upon him, he had no money in his hands or pos-
session due the defendant from him on any contract or account
whatever; that, at that time, there was due the defendant a
certain sum from the trustee jointly with Frank W. Hunt and
Katharine H. W. Hunt on a contract in writing; that these co-
contractors resided in the State of New Hampshire; that, on the
day of the service of the writ in this case, all the moneys and
credits due the defendant on said contract in the hands of the
co-contractors were trusteed by a writ dated the same day issu-
ing out of and returnable to the Supreme Court of New Hamp-
shire in the suit of Pliny F. Morgan against John H. Gigie, the
defendant in this case, and the co-contractors, upon whom ser
vice was made that day, were all summoned as trustees; and
that "since the service of the writ herein, all of said co-con-
tractors have been charged as trustees upon said writ in New
Hampshire."

The case was submitted to the judgment of the Superior Court,
and, after a judgment against the defendant and discharging the
trustee, to this court, on the plaintiff's appeal, upon agreed facts,
in substance as follows:

The writs in both actions were dated November 19, 1877.
The officer's return of service upon the writ in the suit in
New Hampshire was as follows: "Hillsborough, ss. Nov. 19,
1877  I this day attached all moneys, goods, chattels, rights

and credits of the within-named defendant, in the hands and possession of Catherine H. W. Hunt, Israel T. Hunt and Frank W. Hunt, and summoned said Catherine H. W., Israel T. and Frank W. Hunt, by giving to each of them a true and attested copy of this writ, and the within-named defendant not being an inhabitant of this State, I made no further service of this writ." Service was afterwards made on the defendant by publication. The service of said writ was made upon all the trustees therein named in the forenoon of November 19, and the service upon Israel T. Hunt was made by leaving at his place of abode in New Hampshire a true and attested copy of the writ about ten o'clock in the forenoon of said day, during his absence in this Commonwealth, which copy first came to his hands and notice about four o'clock in the afternoon of the same day, upon his return to New Hampshire. The service of the writ in the case at bar upon Israel T. Hunt was made by giving to him in hand, at Boston, a true and attested copy of the writ at one o'clock in the afternoon of said November 19, as shown by the officer's return. In the suit in New Hampshire, the trustees summoned including Israel T. Hunt, appeared by counsel, answered and were charged by the court, after argument, for the amount due Gigie under the contract referred to in the answer of the trustee in this case, and have paid over to Morgan the amount due, upon execution issuing out of the Supreme Court of New Hampshire in that suit; and Israel T. Hunt, in his answer as trustee in that suit, disclosed all the facts respecting the pendency of this suit and service of this writ upon him as trustee of Gigie, and annexed a copy of this writ to his answer.

The statutes of New Hampshire provide that "writs of summons, *scire facias* and review shall be served by reading the same to the defendant, or by giving him an attested copy thereof, or leaving such copy at his abode;" and that "the trustee writ shall be an attachment and summons, and shall be served upon the defendant and trustee like a writ of summons."

*H. E. Swasey & G. R. Swasey,* for the plaintiff.

*F. W. Hurd,* for the trustee.

GRAY, C. J. As a general rule, when it is necessary for the furtherance of justice to determine the exact time of an attachment, the hour at which it was made, if not stated in the officer's

return, may be proved by other evidence. *Bigelow* v. *Willson*, 1 Pick. 485, 495. *Lemon* v. *Staats*, 1 Cowen, 592. *Brainard* v. *Bushnell*, 11 Conn. 16. In *Fairfield* v. *Paine*, 23 Maine, 498, and in *Taylor* v. *Emery*, 16 N. H. 359, cited for the plaintiff, the right of a *bona fide* purchaser had intervened.

In the case stated, it is agreed that the writ in New Hampshire was served upon the trustee before the writ in this Commonwealth was served upon him. The fact that the service in New Hampshire was by leaving a copy at his abode, and not upon him personally as stated in the officer's return, either mode being sufficient under the statute of that State, did not impair the jurisdiction of the New Hampshire court. That court having first acquired jurisdiction of the fund attached, and having, after a full disclosure by the trustee of the facts relating to the suit pending and the service made in this Commonwealth, rendered judgment and execution against him upon which he has paid over the fund, that payment affords a conclusive reason for not charging him anew. *Hull* v. *Blake*, 13 Mass. 153. *Whipple* v. *Robbins*, 97 Mass. 107. *American Bank* v. *Rollins*, 99 Mass. 313. *Stockwell* v. *McCracken*, 109 Mass. 84.

*Judgment affirmed.*