### CHARLES NESZERY vs. DANIEL B. BEARD.

Suffolk. March 30, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Trustee Process. Attachment,* Bond to dissolve.

Where an attachment by trustee process has been dissolved by the giving of a bond with sufficient sureties approved by a master in chancery after notice and hearing given and conducted in pursuance of the requirements of R. L. c. 167, §§ 116, 117, the creditor of the trustee who was the defendant in the action in which the attachment by trustee process was made immediately may sue his debtor who was summoned as trustee without any further demand after the dissolution of the attachment.

There is nothing in the Revised Laws nor elsewhere which requires that one who has been summoned as trustee by trustee process should receive any notice of an application by the defendant to a magistrate to dissolve the attachment.

CONTRACT under R. L. c. 165, § 49, to recover $267.09, collected for the plaintiff by the defendant as an attorney at law, with four times the lawful interest thereon from April 1, 1914, when the money was in the hands of the defendant and was demanded by the plaintiff. Writ in the Municipal Court of the City of Boston dated May 2, 1914.

On removal to the Superior Court the case was tried before

*Bell,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to make the ruling quoted in the opinion. The judge refused to make this ruling.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*D. B. Beard,* for the defendant.

*C. W. Rowley,* for the plaintiff.

PIERCE, J. On April 29, 1914, by writ of even date issued out of the Municipal Court of the City of Boston and returnable to that court on May 9, 1914, the defendant in the case at bar was summoned to answer as trustee of Charles Neszery, the defendant in that writ and the plaintiff in the pending action.

On May 2, 1914, the attachment by trustee process was dissolved by the giving of a bond with sufficient sureties, approved by a master in chancery, after notice and hearing given and conducted in pursuance of the requirements of R. L. c. 167, §§ 116, 117. The bond, after approval, on the same day was filed with the clerk of the Municipal Court of the City of Boston, to which court the writ was made returnable.

On May 2, 1914, after the dissolution of the attachment by trustee process and after the filing of the bond in the clerk's office of the Municipal Court of the City of Boston, the plaintiff sued out his writ in the instant action.

"At the close of the trial the defendant, Beard, requested the court to rule that on all the evidence the defendant Beard was entitled to have the court order a verdict for him upon the sole ground that the suit was prematurely brought." The contention of the defendant is that he was entitled to a notice of the giving the bond and thereafter to a demand for payment. The Revised Laws contain neither a direction nor suggestion that the trustee named in the writ should receive notice of an application to a magistrate to dissolve an attachment, and it is impossible to see what interest an alleged trustee could have in the outcome of such a hearing. *Kellogg* v. *Waite,* 99 Mass. 501, 502.

Moreover, there is nothing in the statutes or in the general rule of law to prevent a creditor from bringing an action against a debtor who has been summoned merely as a trustee of the creditor in the same domestic forum. *Winthrop* v. *Carlton,* 8 Mass.

456.   *Whipple* v. *Robbins,* 97 Mass. 107.   *American Bank* v. *Rollins,* 99 Mass. 313.   *Kellogg* v. *Waite, supra.   Craig Silver Co.* v. *Smith,* 163 Mass. 262, 266.

The pendency of an action wherein the trustee is summoned before the suing out of the writ in which the trustee is the principal defendant, when seasonably pleaded, operates at most as a stay, and not as a bar to the prosecution of the action.   Cushing on Trustee Process, § 278.   *Winthrop* v. *Carlton, supra.   Kellogg* v. *Waite, supra.*   Indeed, the defence that a defendant has been summoned as trustee in a foreign tribunal is only available so long as the defendant is subject to possible double liability.   It is a sufficient answer if at the date of the trial the defendant is no longer under any peril because of the trustee process.   *Craig Silver Co.* v. *Smith, supra.*   The defendant admits that the plaintiff's right of action had accrued before he, the defendant, was summoned as trustee, and before the institution of this action.

No further demand to charge the defendant was necessary after the dissolution of the attachment.

*Exceptions overruled.*