CONSOLIDATED ORDNANCE COMPANY *vs.* WILLIAM T. MARSH & others.

Suffolk.   January 17, 18, 1917. — May 24, 1917.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Lis Pendens.   Jurisdiction.   Equity Jurisdiction.   Election.*

The pendency of an action at law in a District Court of the United States is not an absolute bar to the maintenance of a suit in equity by the same plaintiff against the same defendant for the same cause of action in a court of this Commonwealth also having territorial jurisdiction.

By reason of the elementary principle that courts of the same jurisdiction will not permit a party to be vexed at the same time by two proceedings arising from the same cause of action unless there is some sound reason having its foundation

in justice for an exception to the general rule, the plaintiff in two concurrent suits brought respectively in a District Court of the United States and in a court of equity of the Commonwealth against the same defendant and for the same cause of action has not an absolute right to maintain both of the suits up to the point of obtaining final judgment.

The remedy by a suit in equity afforded by R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2, to reach and apply in satisfaction of a claim, whether a debt or not, shares or interests in Massachusetts or federal corporations located or having a general office in this Commonwealth, is not to be used in a proceeding in the State court ancillary to proceedings already begun in a District Court of the United States to establish the main debt, although the property which can be reached to be attached under the procedure in the federal court is not sufficient to satisfy the plaintiff's claim.

It is unduly vexatious for one who has begun an action at law for deceit and breach of contract in a District Court of the United States for the district of Massachusetts, where he has made an attachment of the defendant's property insufficient to satisfy his claim, to attempt also to maintain in the State court under R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2, a suit in equity against the same defendant on the same cause or causes of action to reach and apply in satisfaction of his claim shares of the defendant in a corporation organized and having a usual place of business in this Commonwealth; and, where such facts appear upon a motion in the equity suit to dissolve an *ad interim* injunction and upon a demurrer of the defendant, and the plaintiff declines to elect which suit he will pursue, it is proper to grant the motion dissolving the injunction, to sustain the demurrer and to dismiss the suit.

BILL IN EQUITY, under R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2, filed in the Supreme Judicial Court on November 2, 1916, against William T. Marsh, Samuel H. Whittemore, Brockton National Bank, National Shawmut Bank and Sterling Motor Car Company, a Massachusetts corporation.

The allegations of the bill in substance were that the plaintiff was a Delaware corporation, that the defendant Marsh was a resident of the city of Brockton, Massachusetts, that the Sterling Motor Car Company was a Massachusetts corporation having its usual place of business in the city of Brockton, that "the defendant William T. Marsh is liable to the plaintiff in the amount of about $35,000 as damages for deceit [for false representations inducing the plaintiff to enter into a contract for the purchase of a controlling interest in the Sterling Motor Car Company] or for breach of contract [in negligently and unskilfully managing the business of that corporation during a period provided by its terms for a completion of the purchase] or both," the nature and grounds of which liability were set forth at length, and that the defendant Marsh owned a share or interest in the Sterling Motor

Car Company, represented by certificates for stock which were in the control or possession of the other defendants; that on October 19, 1916, the plaintiff commenced an action at law by trustee process against the defendant Marsh and several of the other defendants as his alleged trustees, returnable on the first Tuesday of December, 1916, in the United States District Court for the District of Massachusetts, in which action the plaintiff sought to recover upon the same cause or causes of action as those alleged in this bill; that in that action the real estate of the defendant Marsh was attached; that that action was still pending; that all of the property of the defendant Marsh which had been attached in that action, whether by trustee process or otherwise, did not exceed $3,000 or $4,000 in value, and that the defendant Marsh owned no other property which could be reached to be attached at law.

The prayers of the bill were in substance that, either with or without awaiting the termination of the plaintiff's suit in the United States District Court for the District of Massachusetts, the liability of the defendant William T. Marsh upon the cause or causes of action set forth in this bill and the amount of such liability be determined in this suit, and that meanwhile the defendant Marsh's interest in the Sterling Motor Car Company might be held to be applied to the payment of such liability by injunction or other appropriate process.

Upon the filing of the bill an order of notice was issued with an *ad interim* injunction restraining the defendants Marsh and Whittemore from transferring or incumbering any stock or stock certificate in the Sterling Motor Car Company. By an interlocutory decree entered November 3, 1916, this injunction was continued in force until the further order of the court and the pleadings were ordered completed on or before November 10, 1916.

On November 9, 1916, the defendants answered, and in their answers by way of demurrer alleged that the plaintiff could not and ought not to be allowed to maintain this bill during the pendency of the action at law in the District Court of the United States.

The defendants Marsh and Whittemore also filed the following motions:

"The defendants Marsh and Whittemore move that the tem-

porary injunction ordered by the interlocutory decree entered November 3, 1916, in the above-entitled cause be dissolved, and for cause of such dissolution allege the following:

."By writ dated October 19, 1916, and duly served upon the defendant Marsh on October 26, 1916, the plaintiff began against the defendant Marsh in the District Court of the United States for the District of Massachusetts an action of contract or tort, said action being brought for the same causes of action as are set out in paragraph 7 of the bill herein. The *ad damnum* named in said writ is $40,000. The plaintiff is a corporation organized and existing under the laws of the State of Delaware and is a citizen and resident of said State. The defendant Marsh is a citizen and resident of Brockton in the Commonwealth and district of Massachusetts. Said District Court, therefore, has jurisdiction of the parties and of the subject matter of said action, which is now, as at all times since October 19, 1916, pending in said District Court."

The suit was heard by *Braley,* J., upon the above motions to dissolve the injunction and upon so much of the answers as were by way of demurrer to the bill. The single justice reported the case to the full court for determination, making in his report the following statement:

"After argument of counsel I found the facts set forth in the motion to be true; and an opportunity having been given to the plaintiff to elect whether it would pursue the defendants in equity in this court or in the common law action previously pending in the federal court, and it having declined to make such election, contending that it had the right to pursue both actions concurrently, I ordered an interlocutory decree to be entered dissolving the injunction, and a final decree to be entered sustaining so much of the answer as is by way of demurrer, and dismissing the bill without costs and without prejudice.

"The plaintiff having announced that, when entered, it intended to appeal from these decrees, at its request all questions of law involved are reported to the full court for determination."

*A. A. Ballantine,* (*G. K. Gardner* with him,) for the plaintiff.

*H. S. Davis,* (*S. L. Bailen* with him,) for the defendants.

RUGG, C. J. The plaintiff, a foreign corporation, commenced an action at law against the defendant Marsh, who will hereafter

be referred to as the defendant, a resident of this Commonwealth, in the District Court of the United States for this district, and made an attachment of the defendant's property by trustee process. The action is still pending. That court has jurisdiction of the cause and the parties. Subsequently the plaintiff instituted this suit in equity in this court under R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2, for the same cause of action, to reach and apply property of the defendant which could not be reached to be attached in the action at law. The single justice gave the plaintiff an opportunity to elect whether it would pursue the defendant in equity in this court or in the common law action previously brought in the District Court of the United States. The plaintiff declined to make such election, contending that it had a right to prosecute both proceedings. Thereupon a decree was ordered dismissing the bill without prejudice.

The question is whether as of right a plaintiff at the same time may pursue a defendant both in the State and federal courts covering the same territorial jurisdiction, on the same cause of action. That question resolves itself into two: first, whether the pendency of the one action is an absolute bar to the maintenance of the other, and second, if it is not such bar, what rules govern their prosecution? This precise question never before has been presented to this court. It has arisen in the federal courts.

1. It was said in *McClellan* v. *Carland*, 217 U. S. 268, 282: "The rule is well recognized that the pendency of an action in the State court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, for both the State and federal courts have certain concurrent jurisdiction over such controversies." That case was in one aspect exactly parallel to this. The actions in the State and federal courts both were pending within the same territorial limits, namely, within the State of South Dakota. Numerous similar expressions are found in other decisions of the federal courts. No distinction seems to have been drawn between instances where the jurisdiction of the two courts was geographically conterminous and where it was not. *Hunt* v. *New York Cotton Exchange*, 205 U. S. 322, 339. *North Muskegon* v. *Clark*, 10 C. C. A. 591. *Barber Asphalt Paving Co.* v. *Morris*, 66 C. C. A. 55. *Bunker Hill & Sullivan Mining & Concentrating Co.* v. *Shoshone Mining Co.* 47 C. C. A. 200, and

cases in note. *McClellan* v. *Carland,* 110 C. C. A. 49, 53. It is desirable that so far as practicable the same rule of practice upon a point like this should prevail in the State and federal courts exercising concurrent jurisdiction. The rule that the pendency of an action in a court of one jurisdiction is not an absolute bar to the maintenance of another action for the same cause in another jurisdiction has been recognized in *Lindsay* v. *Larned,* 17 Mass. 190. It seems on the whole a just rule. The federal and State courts even within the same Commonwealth exercise a jurisdiction derived from different sovereign powers. Since the rule upon this point is settled for the federal courts, we adopt it without further discussion. The pendency of one is not an absolute bar to the maintenance of the other.

2. The next question is whether a plaintiff of right has unrestrained liberty of action in this regard, subject to no control by the courts over his invocation of their proceedings. It is elementary that courts of the same jurisdiction will not permit a party to be vexed at the same time by two proceedings arising from the same cause of action, unless there is some sound reason having its foundation in justice for an exception to the general rule. The stringency of the common law rule against the concurrent pendency of two or more proceedings for the same cause has been relaxed somewhat in order to prevent a plaintiff from failing in the prosecution of a just claim because of doubt or mistake as to the right form of relief and perhaps for other reasons. But the rule against vexatious actions still remains. Manifest justice requires that a defendant be not hectored by useless and unnecessary litigating. *Manufacturers' Bottle Co.* v. *Taylor-Stites Glass Co.* 208 Mass. 593. *Spear* v. *Coggan,* 223 Mass. 156. That is a sound and salutary doctrine. It is the correlative of the principle that a plaintiff ought to find a certain remedy by having recourse to the courts for all wrongs suffered by him in his person, property and character. It is a part of the liberty of a citizen of a free government that he be protected against wrongful harassment by others. Therefore, where two actions are pending between the same parties for the same cause within the same governmental unit, one in the federal and the other in the State court, we do not conceive it to be the law that the plaintiff has an absolute right to maintain both up to the point of obtaining a final judgment.

The establishment of such an inflexible rule might work great hardship in some cases.  Justice requires the court in which the point is raised to determine, after an examination of the merits in this respect, whether the defendant is in truth being doubly vexed by the contemporaneous prosecution of both actions, and make appropriate order in the light of what is revealed by such an inquiry.  That proposition has been declared broadly in well considered judgments, even with reference to an action pending in a foreign country, in *McHenry* v. *Lewis*, 22 Ch. D. 397, and in *The Christiansborg*, 10 P. D. 141.  There is an intimation in the same direction in *Merrill* v. *New England Mutual Life Ins. Co.* 103 Mass. 245, 248, 249.  But without deciding more than is raised by the present record, it is the duty of this court to ascertain from all the circumstances whether the maintenance of these two cases ought to go forward simultaneously and, if not, what ought to be done, having regard to the "fundamental ethical rules of right and wrong."  *Robinson* v. *Mollett*, L. R. 7 H. L. 802, 817.

3.  In the case at bar the law that will be applied to the decision of the merits of the cause of action is the same in the federal as in the State court.  The same system of law is administered as to matters within their concurrent jurisdiction.  That system is the jurisprudence of this Commonwealth.  That arises from the fact that there is no common law of the United States, and the general law administered by the federal courts is that of the several States in which they may be sitting.  There is no doubt as to the principle, even though there may be differences of view as to what that law is.  *Smith* v. *Alabama*, 124 U. S. 465, 478. *Ex parte McNiel*, 13 Wall. 236, 243.  *Burgess* v. *Seligman,* 107 U. S. 20, 33, 35.  *Sim* v. *Edenborn*, 242 U. S. 131, 135.  No question arises in the present case as to ease of obtaining jurisdiction over the defendant, such as was suggested in *Hatch* v. *Spofford*, 22 Conn. 485, 499, because the defendant resides equally within the jurisdiction of both courts.  Several reasons are put forward in argument in favor of the plaintiff's contention.  One is that in the federal court, by reason of having brought an action at law, it has a constitutional right to a trial by jury, while in a suit in equity as plaintiff it has no such absolute right.  That is true; but if it desires a trial by jury it would have been equally entitled to that in our courts in an action at law.  Another reason urged

is that under the federal practice it may as of right take depositions of non-resident witnesses upon oral interrogatories, while in our courts such depositions upon oral interrogatories may be taken only in the discretion of the court. A further reason is suggested to the effect that the extent of an equitable attachment permitted by our law upon a bill to reach and apply is far. more extensive than that permitted in the federal court. See *Stockbridge* v. *Mixer*, 215 Mass. 415, and *Rioux* v. *Cronin*, 222 Mass. 131, 137–139.

Summarily stated, the position of the plaintiff is in substance, as disclosed by its argument, that it desires to proceed in the federal court in order to be certain of its trial by jury and of its right to take depositions of non-resident witnesses on oral interrogatories, and at the same time to secure at the outset the extraordinary advantages of equitable attachments afforded only by our law, an attachment which it would seek to enforce, if it ultimately prevails in the federal court, by invoking the further equitable doctrine that by amendment to the present bill it can bring to the attention of the court that fact (of judgment in its favor in the federal court) occurring since the institution of this suit, and ask that the ultimate relief afforded be fitted to the state of facts existing after it has established its right in the action at law in the federal court; all this to be done under the principle declared in *Collins* v. *Snow*, 218 Mass. 542, *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9, and similar cases.

The trial by jury was open as of right to the plaintiff equally in either the State or federal court. It is as secure under the Constitution of Massachusetts as of the United States. But it is settled that where a plaintiff resorts to equity he cannot thereafter as of right have a trial by jury, the framing of issues in such case resting in the discretion of the court. *Culbert* v. *Hall*, 181 Mass. 24. Perhaps at least as stringent a rule in this regard prevails in the federal court. All these other contentions relate to practice and procedure and not to substantive rights.

Stated otherwise, the plaintiff's real contention is that it may by instituting two proceedings gain all the advantages of practice and procedure afforded by the courts of both jurisdictions, and thereby combine benefits of procedure to which it is not entitled in courts of either jurisdiction alone.

It is in truth undertaking to use the extraordinary process to reach and apply the property of a debtor provided by our statute, which does not prevail generally and is not a part of ordinary equitable jurisdiction, as an adjunct to the main cause prosecuted in the federal court. That statute was not designed for such a purpose. That statute was designed to afford its unusual benefits to a creditor who invokes the jurisdiction of our courts to establish his debt. It is not a statute which offers its unusual process as ancillary to proceedings to establish the main debt in another court, or in the court of another jurisdiction. There is a well known equitable remedy for the collection of a judgment by means of a creditor's bill. But that is not the remedy provided by this statute and it cannot be instituted until a judgment has been obtained.

This result, although not required by *Sandford* v. *Wright*, 164 Mass. 85, as matter of authority, is a logical extension of the doctrine there established.

It was unduly vexatious for the plaintiff to undertake to maintain contemporaneously the two proceedings under these circumstances. The pendency of the action in the federal courts was not a bar to the maintenance of the present suit, but both ought not to be prosecuted simultaneously. The single justice rightly put the plaintiff to an election. When that was refused, the order for final decree followed correctly.

*Order for interlocutory decree affirmed.*
*Order for final decree affirmed with costs.*