THOMAS SOLOMON *vs.* CONTINENTAL INSURANCE COMPANY.

Worcester.    September 27, 1927.— November 23, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Abatement: by reason of pending trustee process against defendant.    *Trustee Process.*

In an action of contract the defendant, appearing specially, relied on an answer in abatement and at a hearing on that answer it appeared that before the action was begun the defendant in another State was summoned as a trustee or garnishee of the plaintiff in actions against the plaintiff as a principal debtor.    The *ad damnums* of the writs in those actions amounted in the aggregate to $2,600 and the actual amounts ·claimed to $1,300, which was $1,700 less than the amount claimed by the plaintiff in the action in this Commonwealth.    The judge refused to abate the writ.    *Held,* that the action of the judge was proper.

*It seems* that, in the circumstances above described, the defendant would be protected by the continuance of the action in this Commonwealth until the defendant's liability as garnishee in the actions in the foreign jurisdiction had been fixed and determined.

CONTRACT.    Writ dated November 4, 1926.

The defendant appeared specially and filed the answer in abatement described in the opinion.    The answer was heard by *Lummus,* J., who refused to abate the writ and reported his ruling to this court for determination.

*J. J. MacCarthy,* for the plaintiff.

*B. G. Davis,* for the defendant.

. WAIT, J.    This is an action of contract on two policies of insurance issued in Connecticut upon property situated in that State, brought by a citizen of this Commonwealth against the defendant alleged to have a usual place of business in New York in the State of New York.    The writ bears date November 4, 1926.    The defendant appeared specially and answered in abatement that prior to the beginning of this action it had been summoned as trustee or garnishee of the plaintiff in six actions begun against him in the State of Connecticut.    It set out the courts to which the several actions were made returnable, the *ad damnum* and the return days of the writs, and alleged that the actions were still

pending with the trustee not discharged. It prayed that this writ abate.

The declaration alleged that the fire which occasioned the loss happened before October 5, 1926. A clause of the policy, set out as an exhibit and part of the declaration, provided that no suit or action for recovery on any claim thereunder should be sustained "unless commenced within twelve months next after the fire."

The case was set down for hearing on the answer in abatement. The judge found that the facts stated in the answer were true, and, in addition, that the *ad damnum* of the six writs totalled $2,600; that the actual liability claimed in each action was approximately one half the *ad damnum;* that the plaintiff claimed a total loss of $3,000 upon the two policies; and he ruled, subject to exception, that the writ should not abate. He was of opinion that the interlocutory order ought to be determined by the full court before further proceedings in the Superior Court, and reported the case for the consideration and determination of this court.

So far as we are aware, it has never been decided expressly in this Commonwealth whether one who has been summoned as trustee in a trustee or garnishee process in another jurisdiction, if action at law is subsequently brought against him in Massachusetts by the principal debtor, is entitled, on pleading the pendency of the former action, to have the later writ abated, or merely to be protected against possible double liability by means of appropriate order made in the proceedings instituted here.

There can be no doubt that he is to be protected in some way, *American Bank* v. *Rollins*, 99 Mass. 313; *Whipple* v. *Robbins*, 97 Mass. 107; *Garity* v. *Gigie*, 130 Mass. 184; *Craig Silver Co.* v. *Smith*, 163 Mass. 262, 266; *Eddy* v. *O'Hara*, 132 Mass. 56; *Neszery* v. *Beard*, 224 Mass. 305; compare *Sandford* v. *Wright*, 164 Mass. 85; *Consolidated Ordnance Co.* v. *Marsh*, 227 Mass. 15; unless there is collusion to defeat the action here; see *Whipple* v. *Robbins, supra; Eddy* v. *O'Hara, supra.*

The defendant contends that, if abatement is pleaded, the protection is to be given only by way of abating the writ.

In the present state of the law, a plea in abatement is good. The early cases questioned or denied that the pendency of litigation in another jurisdiction furnished good ground for abating litigation between the same parties for the same cause here. *Lindsay* v. *Larned*, 17 Mass. 190, 197. *Newell* v. *Newton*, 10 Pick. 470. *Colt* v. *Partridge*, 7 Met. 570, 574. But it is now established that while, in general, the pendency of such prior litigation is not a good ground of abatement — *Moore* v. *Spiegel*, 143 Mass. 413, *H. C. Miner Litho. Co.* v. *Wagner*, 177 Mass. 404 — a different rule applies when the prior litigation is a trustee or garnishment process. *American Bank* v. *Rollins, supra. Garity* v. *Gigie, supra. Craig Silver Co.* v. *Smith, supra.* It has never been good ground of defence in bar of the action. *Meriam* v. *Rundlett*, 13 Pick. 511. Compare *Consolidated Ordnance Co.* v. *Marsh, supra.*

The exception is based upon the hardship of exposing the trustee to double liability. Equal hardship exists where the trustee process is subsequent to the suit by the principal debtor; yet that has never been treated as good ground for abating the writ. *Wallace* v. *M'Connell*, 13 Pet. 136, 151.

The hardship may be lessened without abating the writ, by continuance until the liability in the foreign jurisdiction has been fixed or terminated. That is the method adopted where both suits are in the same jurisdiction. It was said in *Winthrop* v. *Carlton*, 8 Mass. 456, "The plea discloses no sufficient cause for abating the writ . . . . That process depending may well support a motion for a continuance of this action."

On the other hand hardship may be inflicted on the creditor if he is compelled to bring a new suit. The considerations which apply to a creditor who institutes two proceedings against the same debtor in as many jurisdictions do not apply to a creditor who is being delayed in prosecuting a well grounded action in one jurisdiction because a third party — even though one to whom he is indebted — brings suit against him in another. In the first instance it may be that he is harassing; in the second instance it may be that he is harassed. The judge has found, in this case, that a recovery to some extent is not precluded even if the debtor is relieved

in part of liability to the plaintiff by the proceedings in Connecticut. The claim here is for $3,000, while the amounts claimed in Connecticut are nominally but $2,600, and in substance little, if anything, above half that sum. Moreover, suit on the policy cannot be maintained unless commenced within one year after the fire. If the writ brought within that time is abated, contention may be made that later suit is barred.

The defendant can have all the benefit to which equity entitles it if it sets up the facts in its answer. *Garity* v. *Gigie, supra.* It ought to have no more at law on its plea. The rule should be that "it is the duty of . . . [the] court to ascertain from all the circumstances whether the maintenance of these two cases ought to go forward simultaneously, and, if not, what ought to be done, having regard to the 'fundamental ethical rules of right and wrong.'" *Consolidated Ordnance Co.* v. *Marsh, supra,* at page 21.

"The defence that a defendant has been summoned as trustee in a foreign tribunal is only available so long as the defendant is subject to possible double liability." *Neszery* v. *Beard, supra,* page 307. That defence to that extent may be in many cases more justly secured by a continuance of the subsequent proceedings than by abating the writ. See *Brown* v. *Brown,* 110 Maine, 280. The judgment in favor of the person who pleads in abatement is not necessarily "that the writ be quashed." If a temporary disability or privilege be pleaded the judgment may be "that the plaint remain without day until" etc. 1 Chitty, Pleading, (14th Am. ed.) 466.

The judge, therefore, was right in hearing the evidence in regard to the extent of actual liability to which the defendant was exposed, and his order refusing to abate the writ was right. Such further proceedings are to be taken as the trial court may determine.

*So ordered.*