EUSEBE PROVOST, and others,

*vs.*

MELINA PICHE, and Trustee.

Androscoggin.    Opinion January 3, 1900.

*Trustee Process.    Appeal.    Necessaries.    R. S., c. 86, §§ 30, 76.*

Under the statutes of this state relative to trustee process, a principal defendant is estopped, in a subsequent suit brought by him against the trustee, by the previous judgment against the trustee followed by a delivery or payment by him of the goods, effects and credits for which he was charged. Such a defendant, therefore, has a legal interest in the adjudication of the trustee's liability, and may appeal from such an adjudication in a lower court to the appellate court. *Held;* that the defendant's appeal carries the whole case to the appellate court.

What is included under the term " necessaries " in the statute relative to exemption from trustee process can not be determined by any arbitrary and inflexible rule; it depends upon the circumstances of each case. The term is a relative one, and what would be classed among necessaries under the circumstances of one case, would not be in another.

A sewing machine is not a necessary article under any and all circumstances; it might be such under some circumstances. The statement in a bill of exceptions, that the machine was bought by the defendant " for her own personal use in the manufacture of her own clothing," is not sufficient to show that the machine was necessary for her.

On Exceptions by Plaintiff.

This was an action of assumpsit, brought before the Auburn municipal court, to recover one installment of ten dollars upon a non-negotiable note given by the defendant to the plaintiffs for the purchase of a sewing machine; and was there tried and appealed to this court, sitting at nisi prius, by the principal defendant, and a default was there entered for $10 damages, with interest from date of the writ.

In the court below the trustee filed a disclosure that, at the service of the writ upon it, the sum of $13.37 was due the principal defendant for her personal labor performed within thirty days of such service, and upon that disclosure the court below charged the trustee for that sum. In this court the defendant insisted upon the right to have the question of the trustee's liability decided anew; and the plaintiff contended that the defendant has no such right, inasmuch as his appeal of the action does not affect the judgment of the court below charging the trustee; but the court ruled otherwise, and allowed the defendant to have a hearing anew upon the liability of the trustee to be charged.

It appeared that the suit was brought for an installment due upon a note for a sewing machine, sold by the plaintiffs to the defendant for her own personal use in the manufacture of her own clothing. The court ruled that the trustee was not liable to be charged, unless such claim be considered for necessaries; and the court ruled that it is not, and so ordered the trustee discharged with costs. To both of these rulings, as to re-hearing upon the trustee disclosure, and as to whether the plaintiff's claim be for necessaries, the plaintiffs excepted.

*H. W. Oakes, J. A. Pulsifer, and F. E. Ludden,* for plaintiffs.

The statute provides that any party aggrieved by the judgment of a lower court may appeal, and that before such appeal is allowed, the appellant shall recognize, etc. R. S., c. 83, §§ 18 & 19.

The trustee is a party, and his rights are separate and distinct from those of the principal defendant. *Dennison* v. *Benner,* 36 Maine, 227; *Jacobs* v. *Copeland,* 54 Maine, 503.

Either plaintiff, defendant, or trustee may allege and prove any facts material, in deciding the question how far the trustee is chargeable. R. S., c. 86, § 30.

The judgment of a lower court charging the trustee is not vacated by a defendant's appeal. *Kellogg* v. *Waite,* 99 Mass. 501; *Jarvis* v. *Mitchell,* 99 Mass. 530; *Wasson* v. *Bowman,* 117 Mass. 91; *Butler* v. *Butler,* 162 Mass. 524; *Webster* v. *Lowell,* 2 Allen, 123.

Defendant cannot appeal for the trustee, nor trustee for defendant; each must appeal for himself. *Cowan* v. *Lowry,* 7 Lea, (Tenn.) 620; *Chandler* v. *FonDuLac,* 56 How. Pr. (N. Y.) 449; *Hanna's Syndics* v. *Lauring,* 10 Martin, (La.,) 568, (13 Am. Dec. 339); *Scoffedhast* v. *Bollman,* 21 Ind. 280; *Bryant* v. *Bigelow,* 9 Lea, (Tenn.) 135.

If the note declared upon, being non-negotiable, was for a necessary, the trustee should properly have been charged. R. S., c. 86, § 55, par. 6; *Trustees, etc.,* v. *Kendrick,* 12 Maine, 381; *Fairbanks* v. *Stanley,* 18 Maine, 296; *Bartlett* v. *Mayo,* 33 Maine, 518; *Richmond* v. *Toothaker,* 69 Maine, 451.

Necessaries are things proper and useful for the sustenance of human life. The term is a relative one, dependent upon the circumstances of the particular case. Black's Law Dictionary; Bouvier's Law Dictionary; *Davis* v. *Caldwell,* 12 Cush. 512; *Kilgore* v. *Rich,* 83 Maine, 305; *McAuley* v. *Tracy,* 61 Maine, 523; *Peters* v. *Fleming,* 6 M. & W. 42; *Clyde Cycle Co.* v. *Hargreaves,* (Q. B.) 78 Law T. Rep. 296; *Leonard* v. *Stott,* 108 Mass. 46; *Trainer* v. *Trumbull,* 141 Mass. 527; *Merriam* v. *Cunningham,* 11 Cush. 40; *Pyne* v. *Wood,* 145 Mass. 558. For extended note, see 18 Am. State Rep. 650.

Our statute has gone far to determine that a sewing machine is a necessary, in placing it among the personal property exempt from attachment. R. S., c. 81, § 62, par. 6.

*D. J. McGillicuddy and F. A. Morey,* for defendant.

The defendant is an interested party in the charging of the trustee. It is her money that is taken away and put in the plaintiffs' hands; the trustee can have no interest being simply a stake-holder.

All questions urged in the court below were thus opened up anew.  Additional evidence might be introduced.  *Moody* v. *Hutchinson*, 44 Maine, 57.

Suppose there had been judgment in the supreme court, in favor of the defendant, would the plaintiffs contend that the judgment of the municipal court charging the trustee should there stand?

Necessaries defined:  *Shelton* v. *Pendleton*, 8 Conn. 423;  *Whitingham* v. *Hill*, Cro. Jac. 490;  *Clancy* on Husband and Wife, 23;  2 Kent's Com. 146;  *Finch*, 103;  *Baker* v. *Lovett*, 6 Mass. 30;  *Munson* v. *Washband*, 31 Conn. 303.

SITTING:  PETERS, C. J., WISWELL, STROUT, SAVAGE, FOGLER, JJ.

WISWELL, J.   This is an action of assumpsit to recover one installment due upon a non-negotiable note given by the defendant to the plaintiffs for the purchase of a sewing machine.   The suit was commenced in the Auburn municipal court, and the exceptions state, "was there tried and appealed to this court by the principal defendant."

In the lower court the alleged trustee filed a disclosure showing that, at the time of the service of the writ upon him, there was due from him to the principal defendant the sum of $13.37 as wages for her personal labor performed within thirty days next before such service.   In that court the trustee was adjudged trustee and charged for the above amount.

In this court at nisi prius, where the case was taken by the defendant on appeal, she was defaulted by consent for the sum of $10, and the alleged trustee was discharged for the reason that the amount due from the trustee to the principal defendant was due her as wages for her personal labor for a time not exceeding one month next preceding the service of the process, and because the suit was not to recover for necessaries furnished her.   Two questions are raised by the plaintiffs' exceptions relative to the liability of the trustee.

I.   It is claimed, on the part of the plaintiffs, that the adjudication of the lower court charging the trustee was not vacated by the defendant's appeal; that therefore the question was not opened for a rehearing and decision in the appellate court; and that, in fact, a principal defendant has no such legal interest in the adjudication of the question whether the alleged trustee should be charged or not as to give him a right of appeal; that he can not be aggrieved by any adjudication of this question.

In support of this position various cases are cited by the plaintiffs' counsel, some of which go fully to the extent claimed by him. For instance, in *Kellogg* v. *Waite and trustee*, 99 Mass. 501, this is said in the opinion of the court: "The defendant in a trustee process has no legal interest in the question whether the trustee shall be charged or discharged. It does not bind him in any subsequent suit as an adjudication either of the fact or the amount of the indebtedness of the trustee to him. Nor is the pendency of the trustee process any defense to a suit by the defendant therein against the trustee."

This is not the law in this state under our statutes relating to trustee process. Under our statutes a principal defendant has a legal interest in the adjudication of the alleged trustee's liability to be charged, and in a subsequent suit brought by such defendant he is estopped by the previous judgment, followed by a delivery or payment by the trustee of the goods, effects and credits for which he was charged.

By R. S., c. 86, § 30, it is provided, that the answers and statements sworn to by a trustee, shall be deemed true, in deciding how far he is chargeable, until the contrary is proved, "but the plaintiff, defendant and trustee may allege and prove any facts material in deciding that question."

Various sections of the chapter of the revised statutes, relating to trustee process, provide for the proceedings when two cases are pending at the same time, one against a defendant and trustee, and the other where the defendant therein is plaintiff in a suit directly against the trustee, which need not be here particularly referred to. But, that a principal defendant has a legal interest in

the adjudication upon the question of liability of a person summoned as his trustee, is conclusively shown by section 76, of that chapter, which is as follows: "The judgment against any person as trustee discharges him from all demands by the principal defendant, or his executors or administrators, for all goods, effects and credits, paid, delivered or accounted for by the trustee thereon; and if he is afterwards sued for the same by the defendant, or his executors or administrators, such judgments, and disposal of the goods, effects and credits as above stated, being proved, shall be a bar to the action for the amount so paid or delivered by him."

In a case of this kind, where there is no claimant for the funds in the trustee's possession, and no controversy as to the amount due, and where the only question is whether or not the funds in the trustee's hands are exempted from attachment by this process, because of the provision of the statute that an amount due the principal defendant as wages for his personal labor performed within one month next before the service of the process, except where the suit is for necessaries, can not be thus attached,—the principal defendant is the only one, except the plaintiff, who has any real interest in the determination of the question.

It would be an anomaly if a person thus interested could not appeal from an adjudication charging the trustee, because he is not aggrieved by such adjudication, when, by force of the statute above referred to, he is estopped by such judgment to claim the funds in the trustee's hands.

We have no doubt that, under the circumstances of this case, the principal defendant had the right of appeal, and that her appeal carried the whole case to the appellate court.

II. The ruling of the court at nisi prius, discharging the trustee, was unquestionably right, unless the suit was for necessaries furnished her. The exceptions say, "that the suit is brought for an installment due upon a note for a sewing machine, sold by the plaintiffs to the defendant for her own personal use in the manufacture of her own clothing." What are necessaries under this statute can not be determined by any arbitrary and inflexible rule,

—it depends upon the circumstances of each case. The term is a relative one and what would be classed among necessaries under the circumstances of one case, would not be in another.

It certainly can not be said that a sewing machine is a necessary article under any and all circumstances,—at most, it might be necessary under some circumstances. Here we only know that the machine was bought by the defendant, "for her own personal use in the manufacture of her own clothing." We do not regard this as sufficient to show that the machine was necessary for her. So far as we can tell, it may have been entirely unnecessary, and the contract of purchase a most improvident one for the defendant to make. The trustee therefore was properly discharged.

*Exceptions overruled.*